IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1924-06, PD-1925-06





FELIX MICHAEL KUBOSH, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Price, J., delivered the opinion for a unanimous Court.


O P I N I O N 


 In its unpublished memorandum opinion in this bond-forfeiture case, the First Court of
Appeals held that the trial court properly took judicial notice of the bond in holding that the
evidence was sufficient to support the judgment against the principal surety. (1) Because this
holding appears to conflict with that of several other courts of appeals, we granted the
appellant's petitions for discretionary review to decide whether judicial notice may be taken
of a bail bond during proceedings to finalize the bond forfeiture. (2) We hold that it may.THE FACTS AND PROCEDURAL POSTURE


 On October 17, 2003, the appellant, a licensed bail bondsman, executed two bonds in
the amount of $50,000 each as principal surety for Chaderick Duane Moore. Sonja Salinas was
a co-surety on one of the bonds. Moore failed to appear for his first court date on November
14, 2003, and the trial court entered two judgments of bond forfeiture ("judgments nisi") on
November 19, 2003. The judgments nisi ordered that the State recover from Moore, as
principal on the bonds, and the appellant and Salinas, as sureties on the bonds, in the amount
of $50,000 per bond. The judgments nisi were to become final unless good cause was shown
why the defendant did not appear. The appellant filed a general denial and asked for equitable
remittitur of one-half ($25,000) of each bond. At the first scire facias (3) hearing on October
19, 2004, the appellant requested a continuance to allow him more time to locate Moore. The
court granted a ninety-day continuance, and the matter was set for a second scire facias hearing
on January 18, 2005. 

 At the January 18th hearing, the court reporter was not instructed to make a record of
the proceedings until some undetermined, but apparently brief, period of time after the hearing
had already begun. Thus, the reporter's record begins in medias res, with counsel for the
appellant objecting to the State's request for default judgments. The appellant asked the trial
court not to grant a dismissal for Salinas and to grant a continuance to allow time for Salinas
to be subpoenaed. The State responded that it was unable to obtain service of process on
Salinas and explained that that was the reason they were "asking for a default judgment just
against Mr. Kubosh." The appellant responded that the State had not made a prima facie case
for default judgment and asked that the court remit half of the bond. The trial court denied the
appellant's motion for continuance and motion for remittitur, and overruled his objection to
the default judgment. The trial court then signed the final judgments of forfeiture, dismissing
the State's case against Salinas and declaring the bonds forfeited against the appellant. The
written judgments recite that the trial court rendered final judgment against the appellant on
the forfeitures "after considering the pleadings and evidence herein, including the bail bond and
the Judgment of Forfeiture [presumably the judgment nisi] on file in this cause[.]"

 On appeal, the appellant filed a motion for "Correction of Inaccuracies in the Reporter's
Record" with the court of appeals, in an attempt to recreate the missing portion of the record. 
The court of appeals remanded the case to the trial court to resolve the dispute, and a hearing
to correct the record was set for November 9, 2005. (4) At the hearing, the appellant took the
stand. He testified that, at the scire facias hearing on January 18th, before the court reporter
began recording the proceedings and before the case was called to trial, the prosecutor had
approached the bench and asked for the default judgments. He also stated that the prosecutor
never asked the trial court to take judicial notice of the bail bonds or judgments nisi. The
appellant testified that, in his opinion, the only thing missing from the record was that the
prosecutor approached the bench and asked for the default judgments before the case was
called. The State did not cross-examine the appellant. 

 The prosecutor had a different view of what had occurred off the record during the scire
facias hearing. He testified:

 The Judge called the case for trial. He asked if the parties were ready. State
said they were. Mr. Kubosh said he was. I, at that time, then moved the Court
to take judicial notice of the bond and judgment Nisi and approached the Court
with the two final judgments. 


On cross-examination, the prosecutor testified that he misspoke at the January 18th hearing
when he had asked for a default judgment against the appellant, and that he had meant to request
"a default judgment against the second surety" (Salinas). On re-direct and re-cross, the
prosecutor again corrected himself, and clarified that he was "dismissing against the second
surety" and admitted that asking for a default judgment against the appellant had been an error. 
At the conclusion of the hearing, the trial court stated:

 The paperwork, the service, the judgment Nisi, the bond forfeiture, the notice
had already been properly taken care of. State moved for judgment, and I granted
the same on that. I recall the hearing and [the appellant] asking for a court
reporter at some point. I think - - I do think to this day that [the prosecutor] did
misspeak when he asked for a default judgement. It's hard to say, but I don't
think - - I don't think the Court was confused. The Court was at least at that
point aware of and finds that the case was properly called. Service had been
properly had on those. They were trying to dismiss on those that were not. The
defendant was not in custody. And the State was and is entitled to judgment on
the bond forfeiture. I granted the same.


Thus the trial judge seems to have clarified that, while he had not meant to grant a default
judgment against the appellant in the case, he had indeed rendered a final judgment of forfeiture
in the case (just as his earlier written judgment had recited), after considering "the
paperwork"-presumably, the judgment nisi and the bond itself, which were contained within
the clerk's record as of the second scire facias hearing on January 18, 2005.

 On appeal to the First Court of Appeals, the appellant argued that the trial court erred
in entering a judgment for the State because the evidence was insufficient and because the State
moved for a default judgment against the appellant even though he filed an answer and appeared. 
In its unpublished memorandum opinion, regarding the first point of error, the court of appeals
found that the trial court had taken judicial notice of the bonds and judgments nisi and
therefore had sufficient evidence to grant the final judgment of forfeiture. The court found the
second point of error to have no merit, concluding that the prosecutor simply misspoke when
he requested a default judgment against the appellant.ANALYSIS

 In a bail bond forfeiture, the State has the burden of proof. (5) "The essential elements of
the State's cause of action in a bond forfeiture proceeding are the bond and the judicial
declaration of the forfeiture of the bond, which is the judgment nisi." (6) Although the State is 
typically required to present and offer both the bond and judgment nisi into evidence, this

Court has held that a trial court may take judicial notice of the judgment nisi. (7) We granted the
appellant's petitions in order to determine whether a trial court may likewise take judicial
notice of the bond itself.

 Ordinarily, Rule 201 of the Texas Rules of Evidence governs judicial notice of
adjudicative facts. (8) Adjudicative facts are facts that are specific to the particular case and are
typically required to be established by evidence. Other facts, such as legislative facts, which
have relevance to overall legal reasoning and the lawmaking process, are not usually proven by
evidence and are not governed by Rule 201. (9) To be judicially noticed, adjudicative facts must
be relevant to the ultimate matter in dispute, but not be the subject of any controversy
themselves. (10) Judicially noticed facts cannot be subject to reasonable dispute. (11) Each bail
bond is specific to each particular bond-forfeiture case, and the bonds themselves are typically
established by evidence. (12) Therefore, a bail bond would be considered an adjudicative fact in
a bond-forfeiture proceeding.

 It is not entirely clear whether a bond-forfeiture proceeding is subject to the Rules of
Evidence, such that the question of judicial notice would be governed by Rule 201. Article
22.10 of the Code of Criminal Procedure prescribes that civil rules shall govern all
proceedings in the trial court in a bond-forfeiture case following a judgment nisi. (13) We have
nevertheless always held "that bond forfeiture is a criminal matter." (14) Under Rule 101(d) of
the Texas Rules of Evidence, certain criminal proceedings are not subject to the rules of
evidence, including "(E) proceedings regarding bail except hearings to deny, revoke or increase
bail[.]" (15) Assuming that a bond-forfeiture proceeding is a proceeding "regarding bail," but is
not a "hearing to deny, revoke or increase bail[,]" it would appear not to be covered by the rules
of evidence, and, in particular, Rule 201, which governs judicial notice of adjudicative facts. 
This does not mean that judicial notice of adjudicative facts cannot be invoked at a bond-forfeiture hearing. It means only that any judicial notice that is taken need not necessarily
comply with the terms of Rule 201. In any event, as we will now proceed to develop, a trial
court can take judicial notice of the bond in a bond-forfeiture proceeding, at least under certain
circumstances, regardless of whether Rule 201 governs.

Common Law

 Prior to the advent of the rules of evidence, this Court overruled longstanding judicial
precedent to hold, in Hokr v. State, that a trial court could take judicial notice of the judgment
nisi in a bond-forfeiture case. (16) Boiled down, our reasoning was simple: "For reasons of
convenience and easy verification trial courts usually take judicial notice of the record of
proceedings in the same case." (17) In a concurring opinion, Presiding Judge Onion reluctantly
agreed that, at least when the judgment nisi is already in the court's file at the time of the
forfeiture hearing, it is acceptable for a trial court to judicially notice it.

 Pointing out that the defendant must have an opportunity to raise any fatal variance that
may exist between the judgment nisi and the bond, an opportunity that is usually afforded upon
the State's formal introduction of those documents into evidence, Presiding Judge Onion
nevertheless observed:

 The rule that the failure to introduce the judgment nisi in evidence is fatal
to a valid final judgment of forfeiture should continue to be the rule with the
exception or modification that where the final judgment or record reflects the
trial court took judicial knowledge of the judgment nisi, not introduced into
evidence, and the same is a part of the appellate record and there are no fatal
variances between the bond and the judgment nisi, the final judgment of
forfeiture can be affirmed without the necessity of reversal.


 In the instant case the judgment nisi, although not introduced into
evidence, is in the appellate record, shows it was signed by the judge who
conducted the subsequent hearing and was filed and made part of the trial court's
records long prior to the hearing. An examination of the judgment nisi reveals
no variance between it and the bond, and the appellant has not pointed out any
variance. While the trial judge did not say he was taking judicial knowledge of
the judgment nisi, the final judgment indicated he did. (18)


Substantially the same things can be said about both the judgment nisi and the bond in each of
the instant cases. Both documents were in the court's record in each of the bond-forfeiture
cases prior to the scire facias hearing on January 18, 2005, after which the bonds were
declared forfeited. Although the trial judge did not clearly announce that he had taken judicial
notice of the documents at that time, the written judgments recite that they were in the court's
file prior to the hearing and that he had considered them. At no time has the appellant alleged
any variance between the bonds and the judgments nisi in either case, and we have found none. 
Consistent with the holding and the rationale of Hokr, and even taking into account Presiding
Judge Onion's reservations about the procedure, the court of appeals in these cases did not err
to hold that the trial court properly took judicial notice of both the judgments nisi and the
bonds, and, on that basis, to affirm the judgments of the trial court.

Rule 201

 Under Rule 201 of the Rules of Evidence, a trial court has discretion to take judicial
notice of an adjudicative fact without being asked and may do so "at any stage of the
proceeding." (19) The party against whom an adjudicative fact is judicially noticed is entitled,
upon timely request, to an opportunity to be heard upon the question of the propriety of the
judicial notice. (20) The request will be considered timely, even after the trial court has taken
judicial notice, if the trial court took judicial notice of an adjudicative fact without affording
prior notice that it was doing so. (21) In the instant case the appellant failed to request an
opportunity to be heard, even after it became apparent to him that the trial court had taken
judicial notice of both the judgment nisi and the bond itself.

 Following the trial court's written judgment of January 18, 2005, the appellant filed a
motion for new trial on February 15, 2005. In the motion for new trial, he complained that the
State's evidence was insufficient to support the judgment because the State had formally 
introduced neither the judgment nisi nor the bond into evidence. Recognizing our decision in
Hokr, he asserted that the State had failed to ask the trial court to take judicial notice of the
judgments nisi, (22) and that this Court did not hold in Hokr that a trial court could take judicial
notice of a bond. These assertions demonstrate that the appellant was aware that, because the
judgments nisi and bonds were never formally introduced into evidence by the State, the only
way the trial court could have rendered the final judgments against him was by taking judicial
notice of both the judgments nisi and the bonds.

 But the appellant failed at this juncture to request a hearing on the propriety of that
apparent judicial notice. It is true that the trial court failed to announce on the record that it
was taking judicial notice. It only inferentially indicated it was doing so in its written
judgments. Therefore, by the terms of Rule 201(e), the appellant would have been justified in
making his request for an opportunity to be heard on the propriety of judicial notice for the
first time in his motion for new trial. Yet he did not do so. He complained in his motion for
new trial that the State failed to request such judicial notice. But Rule 201(c) permits the trial
court to take judicial notice sua sponte. He complained that this Court had so far never
expressly authorized judicial notice of the bonds. The trial court ruled on this complaint by
expressly denying his motion for new trial. But the appellant failed to make any argument why
judicial notice of the bonds would otherwise be inappropriate, nor did he request a hearing with
the trial court in which he could explain why he thought judicial notice of these particular
bonds was improper. He also failed to challenge the tenor of the bonds that were in the
respective clerk's records. He has never made any suggestion that the bonds were not authentic
or that the terms of the judgments nisi were in any respect at variance with the tenor of the
bonds.

 Under these circumstances we think it is fair to say that, other than the appellant's
general complaint that the bond was not susceptible to judicial notice, which was heard and
denied when the trial court denied his motion for new trial, the appellant failed to make a
"timely request" for an opportunity to challenge the propriety of the judicial notice or the
tenor of the particular bonds that were judicially noticed. The appellant has procedurally
defaulted any complaint he might have had that these particular bonds were not properly the
subject of judicial notice under the terms of Rule 201. For this reason, we agree with the court
of appeals's assessment that the trial court did not err to judicially notice them.

CONCLUSION

 Accordingly, we affirm the judgment of the court of appeals.

Delivered: November 7, 2007

Publish
1. Kubosh v. State, Nos. 01-05-00401-CR & 01-05-00402-CR (Tex. App.--Houston [1st],
delivered August 31, 2006) (Slip op. at 6-7). 
2. Tex. R. App. P. 66.3(a) & (b). See Herndon v. State, 865 S.W.2d 521, 523 (Tex. App.--San
Antonio 1993, no pet.) ("Although the Texas Court of Criminal Appeals, in Hokr v. State, 545 S.W.2d
463 (Tex. Crim. App. 1977), . . . held that a trial court may take judicial notice of a judgment nisi in a bond
forfeiture proceeding, there has been no such similar holding for bonds."); Williams v. State, 82 S.W.3d
788, 790 (Tex. App.--Corpus Christi 2002, no pet.) ("In Hokr, the court of criminal appeals held that a
trial court may take judicial notice of the judgment nisi. 545 S.W.2d at 466. However, the Hokr court
did not address whether a trial court may take judicial notice of the bail bond because the bond in that case
had been admitted into evidence. See id. We have found no authority for allowing a trial court to take
judicial notice of a bond in a bail bond forfeiture proceeding."). See also Bob Smith Bail Bonds, Surety
v. State, 963 S.W.2d 555 (Tex. App.--Fort Worth 1998, no pet.) (trial court properly took judicial
notice of judgment nisi, but evidence nevertheless insufficient to support forfeiture because State failed to
introduce bond into evidence). 
3. "Scire facias" means a judicial writ, founded on some matter of record, such as a judgment or
recognizance and requiring the person against whom it is issued to appear and show cause why the party
bringing it should not have the advantage of such a record. The name is used to designate both the writ and
the whole proceeding. See Black's Law Dictionary 1208 (5th ed. 1984).
4. 

 Tex. R. App. P. 34.6(e)(3).
5. 

 Deckard v. State, 605 S.W.2d 918, 921 (Tex. Crim. App. 1980).
6. 

 Alvarez v. State, 861 S.W.2d 878, 880-81 (Tex. Crim. App. 1992).
7. 

 Hokr v. State, 545 S.W.2d 463, 466 (Tex. Crim. App. 1977).
8. 

 Tex. R. Evid. 201(a).
9. 

 Advisory Committee's Note to Federal Rule 201(a); Steven Goode, Olin Guy Wellborn III,
M. Michael Sharlot, Texas Practice: Guide to the Texas Rules of Evidence § 201.2, at 59-61
(3rd ed. 2002).
10. 

 Watts v. State, 99 S.W.3d 604, 610 (Tex. Crim. App. 2003).
11. 

 Tex. R. Evid. 201(b).
12. 

 Hokr, 545 S.W.2d at 466. 
13. Tex. Code Crim. Proc. § 22.10 ("When a forfeiture has been declared upon a bond, the court
or clerk shall docket the case upon the scire facias or upon the civil docket, in the name of the State of
Texas, as plaintiff, and the principal and his sureties, if any, as defendants; and, except as otherwise
provided by this chapter, the proceedings had therein shall be governed by the same rules governing other
civil suits.").
14. State v. Sellers, 790 S.W.2d 316, 321 (Tex. Crim. App. 1990).
15. Tex. R. Evid. 101(d)(E).
16. 545 S.W.2d at 465-66.
17. Id. at 465, quoting McCormick & Ray, Texas Law of Evidence § 185 (2d ed.) at 202-03.
18. Id. at 468 (Onion, P.J., concurring).
19. Tex. R. Evid. 201 (a) ("
Scope of Rule. This rule governs only judicial notice of adjudicative
facts."); 201 (c) ("When Discretionary. A court may take judicial notice, whether requested or not.");
& 201 (f) ("Time of Taking Notice. Judicial notice may be taken at any stage of the proceeding.").
20. Tex. R. Evid. 201 (e) ("
Opportunity to Be Heard. A party is entitled upon timely request to
an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. 
In the absence of prior notification, the request may be made after judicial notice has been taken.").
21. Id.
22. Although the prosecutor subsequently testified that he had indeed asked the trial court to take
judicial notice of both documents, the trial court never made any finding on the record, even after the
remand from the court of appeals pursuant to Rule 34.6(e)(3) of the Rules of Appellate Procedure, to show
that this was in fact the case.