Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★        ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00021-CR

Roderick **LIGHTEARD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CR-1712
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Steven C. Hilbig, Justice

Delivered and Filed: May 19, 2010

AFFIRMED

Roderick Lighteard appeals from a judgment of conviction for possession of a controlled

substance with intent to deliver. Lighteard entered a plea of guilty to the charge and was placed on

deferred adjudication for ten years. Subsequently, the State moved to adjudicate guilt, alleging in

part that Lighteard violated the conditions of his community supervision by committing the offense

of murder. After a hearing, the trial court revoked Lighteard's community supervision, entered an

adjudication of guilt, and sentenced him to forty-five years in prison. In his sole point of error,

Lighteard contends the trial court abused its discretion by revoking his community supervision because there is no evidence to support the trial court's finding he committed a criminal offense. We affirm the judgment of the trial court.

## BACKGROUND

At the hearing on the motion to adjudicate guilt, the State requested the trial court to take judicial notice of the prior murder trial in which Lighteard was found guilty by a jury:

| | |
|---|---|
| State: | We're going to ask the judge to take notice. She's the one that [sic] presided over the murder conviction and just take notice that the jury has convicted him of that Condition Number 1 and therefore find him guilty and adjudicate him on this motion to adjudicate. |
| Court: | Okay, did you have anything in that regard [defense counsel]? |
| Defense: | No, Your Honor. |
| Court: | All right. Mr. Lighteard, I am going to find that you violated Condition Number 1, find that there is sufficient evidence to support and grant the State's motion. I will grant the motion. Find that you violated Condition Number 1 and find you guilty of the offense of possession of a controlled substance in penalty group one with the intent to deliver 4 to 200 grams. |

## STANDARD OF REVIEW

We review a trial court's decision to revoke community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An abuse of discretion occurs when the trial court bases its decision on insufficient evidence. *Id.* at 763-64. The State must prove its allegations by a preponderance of evidence. *Id.* In deciding whether the decision was based on sufficient evidence, we review the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

## DISCUSSION

Lighteard asserts the evidence is insufficient to support the trial court's decision to revoke his deferred adjudication because the court never properly took judicial notice of any facts. Lighteard further contends the only fact the State requested the court to notice was a non-final conviction, which cannot be the basis of a revocation.

Initially, we note that when the same trial court presides over both the revocation hearing and the trial of the underlying offense that is the basis of the motion to revoke, the trial court may take judicial notice of the evidence presented at the trial. *Akbar v. State*, 190 S.W.3d 119, 123 (Tex. App.—Houston [1st Dist.] 2005, no pet.). A defendant must timely request an opportunity to be heard on the propriety of taking judicial notice and the tenor of the matter noticed. TEX. R. EVID. 201(e). The failure to timely make such request waives any error as to the propriety of taking judicial notice. *Kubosh v. State*, 241 S.W.3d 60, 66-67 (Tex. Crim. App. 2007). Lighteard argues he is not attacking the **propriety** of taking judicial notice, but claims the court only judicially noticed his conviction for the offense of murder and not the evidence adduced at his earlier trial.

A trial court may take judicial notice when requested by a party or *sua sponte*. TEX. R. EVID. 201(c); *Jacobs v. State*, 294 S.W.3d 192, 196 (Tex. App.—Texarkana 2009, pet. ref'd). The court is not required to announce it is taking judicial notice. *Kubosh*, 241 S.W.3d at 65-66; *Jacobs*, 294 S.W.3d at 196. We may infer the trial court took judicial notice from its actions. *Kubosh*, 241 S.W.3d at 66.

The State's motion to enter an adjudication of guilt alleged Lighteard "committed the offense of murder" on or about February 6, 2007. The indictment in the murder case date alleged the murder

occurred February 6, 2007.[1]  Although the State requested the trial judge to take judicial notice of the conviction, the trial court inferentially indicated it took notice of the evidence adduced at trial by finding "sufficient evidence to support and grant the State's motion."  *See id.*  Lighteard was offered an opportunity to be heard on the propriety of taking judicial notice and the "tenor of the matter noticed" but made no objection to either.  It should have been apparent to Lighteard the trial court took judicial notice of the evidence, as opposed to the conviction, when the court announced that the evidence supported the State's motion.  Yet Lighteard did not object or seek to be heard on the issue.  We overrule Lighteard's sole point of error and affirm the judgment of the trial court.[2]

Steven C. Hilbig, Justice

DO NOT PUBLISH

---

[1] Lighteard's murder conviction was recently affirmed by this court. See *Lighteard v. State*, No. 04-09-00022-CR, 2010 WL— (Tex. App.—San Antonio May 12, 2010, no pet. h.) (mem. op., not designated for publication). The record from the trial was before this court and we may take judicial notice of it. *Jacobs*, 294 S.W.3d at 196-197.

[2] Because we reject Lighteard's argument his revocation was based on the fact of his conviction rather than the evidence he committed the offense of murder, we need not address his second argument that the trial court abused its discretion because the murder conviction was not final.