•           •           • 
 • • •




MEMORANDUM OPINION

No. 04-09-00021-CR

Roderick LIGHTEARD,
Appellant

v.

The STATE of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CR-1712
Honorable Juanita A. Vasquez-Gardner, Judge Presiding
 
Opinion by:    Steven C. Hilbig, Justice
 
Sitting:            Karen Angelini, Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed: May 19, 2010

AFFIRMED
            Roderick Lighteard appeals from a judgment of conviction for possession of a controlled
substance with intent to deliver. Lighteard entered a plea of guilty to the charge and was placed on
deferred adjudication for ten years. Subsequently, the State moved to adjudicate guilt, alleging in
part that Lighteard violated the conditions of his community supervision by committing the offense
of murder. After a hearing, the trial court revoked Lighteard’s community supervision, entered an
adjudication of guilt, and sentenced him to forty-five years in prison. In his sole point of error,
Lighteard contends the trial court abused its discretion by revoking his community supervision
because there is no evidence to support the trial court’s finding he committed a criminal offense. 
We affirm the judgment of the trial court.
BackgroundAt the hearing on the motion to adjudicate guilt, the State requested the trial court to take
judicial notice of the prior murder trial in which Lighteard was found guilty by a jury: 
State:We’re going to ask the judge to take notice. She’s the one that [sic]
presided over the murder conviction and just take notice that the jury
has convicted him of that Condition Number 1 and therefore find him
guilty and adjudicate him on this motion to adjudicate.
 
Court:Okay, did you have anything in that regard [defense counsel]?
 
Defense:No, Your Honor.
 
Court:All right. Mr. Lighteard, I am going to find that you violated
Condition Number 1, find that there is sufficient evidence to support
and grant the State’s motion. I will grant the motion. Find that you
violated Condition Number 1 and find you guilty of the offense of
possession of a controlled substance in penalty group one with the
intent to deliver 4 to 200 grams.

Standard of ReviewWe review a trial court’s decision to revoke community supervision under an abuse of
discretion standard. Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An abuse of
discretion occurs when the trial court bases its decision on insufficient evidence. Id. at 763-64. The
State must prove its allegations by a preponderance of evidence. Id. In deciding whether the
decision was based on sufficient evidence, we review the evidence in the light most favorable to the
trial court’s ruling. Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).
DiscussionLighteard asserts the evidence is insufficient to support the trial court’s decision to revoke
his deferred adjudication because the court never properly took judicial notice of any facts. 
Lighteard further contends the only fact the State requested the court to notice was a non-final
conviction, which cannot be the basis of a revocation. 
            Initially, we note that when the same trial court presides over both the revocation hearing and
the trial of the underlying offense that is the basis of the motion to revoke, the trial court may take
judicial notice of the evidence presented at the trial. Akbar v. State, 190 S.W.3d 119, 123 (Tex.
App.—Houston [1st Dist.] 2005, no pet.). A defendant must timely request an opportunity to be
heard on the propriety of taking judicial notice and the tenor of the matter noticed. Tex. R. Evid.
201(e). The failure to timely make such request waives any error as to the propriety of taking
judicial notice. Kubosh v. State, 241 S.W.3d 60, 66-67 (Tex. Crim. App. 2007). Lighteard argues
he is not attacking the propriety of taking judicial notice, but claims the court only judicially noticed
his conviction for the offense of murder and not the evidence adduced at his earlier trial.
            A trial court may take judicial notice when requested by a party or sua sponte. Tex. R. Evid.
201(c); Jacobs v. State, 294 S.W.3d 192, 196 (Tex. App.—Texarkana 2009, pet. ref’d). The court
is not required to announce it is taking judicial notice. Kubosh, 241 S.W.3d at 65-66; Jacobs, 294
S.W.3d at 196. We may infer the trial court took judicial notice from its actions. Kubosh, 241
S.W.3d at 66.
            The State’s motion to enter an adjudication of guilt alleged Lighteard “committed the offense
of murder” on or about February 6, 2007. The indictment in the murder case date alleged the murder
occurred February 6, 2007.


 Although the State requested the trial judge to take judicial notice of
the conviction, the trial court inferentially indicated it took notice of the evidence adduced at trial
by finding “sufficient evidence to support and grant the State’s motion.” See id. Lighteard was
offered an opportunity to be heard on the propriety of taking judicial notice and the “tenor of the
matter noticed” but made no objection to either. It should have been apparent to Lighteard the trial
court took judicial notice of the evidence, as opposed to the conviction, when the court announced
that the evidence supported the State’s motion. Yet Lighteard did not object or seek to be heard on
the issue. We overrule Lighteard’s sole point of error and affirm the judgment of the trial court.



 
                                                                        
                                                                                    Steven C. Hilbig, Justice
 
DO NOT PUBLISH