Opinion issued
March 24, 2011



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-10-00173-CR

———————————

Indiana Lumbermens Mutual Insurance Company, Appellant

V.

State of Texas, Appellee



 



 

On Appeal from the County
Court at Law No. 1

Fort Bend County, Texas



Trial
Court Case No. 06-CCV-030801

 



 

MEMORANDUM
OPINION

 

          Indiana
Lumbermens Mutual Insurance Company appeals the trial court’s judgment
forfeiting a bond and rendering judgment against it for $2,500.  After posting a bond for a defendant in a
criminal case, Lumbermens filed a pleading 
seeking to have a capias issued for the defendant’s arrest and, once the
defendant was in custody, be released from liability on the bond.  The trial court did not grant or deny the
request seeking the defendant’s arrest; it continued the request until after the
defendant failed to appear at his next court date almost six weeks later.  The State then sought forfeiture of the bond
and the trial court rendered judgment for the State.  In two issues, Lumbermens contends the
evidence is not sufficient because the State did not introduce the bond or
judgment nisi into evidence or ask the trial court to take judicial notice of
the bond or judgment nisi and that it established an affirmative defense to the
forfeiture proceeding.  We conclude the
trial court properly took judicial notice of the bond and judgment nisi and
thus the evidence is legally sufficient to support the judgment.  We also conclude that Lumbermens did not
establish its affirmative defense.  We
therefore affirm.

Background

          Lumbermens
posted a $2,500 bond for Jaime Ismael Zararte after the State filed a motion to
revoke his probation and he was arrested. 
After Zararte was released from custody, but before his next scheduled
court date on August 17, 2006, Lumbermens filed an “Affidavit for Surety to
Surrender/Application for Capias” on July 5, 2006.  The trial court did not issue a capias for
Zararte; it instead decided to “hold until 8/17/06.”  At the August 17, 2006 hearing, Zararte
failed to appear and the trial court ordered a capias to issue for Zararte’s
arrest.  On September 14, 2006, the court
signed a judgment nisi and issued citation to Lumbermens.  Lumbermens filed a motion to dismiss
asserting that it had established an affirmative defense to forfeiture by
filing the affidavit and application for capias that the trial court
erroneously refused to sign.  The trial
court overruled the motion to dismiss and rendered a final judgment of
forfeiture against Lumbermens for $2,500.

Did the State establish that
it was entitled to forfeiture?

          In
its first issue, Lumbermens asserts that there is legally insufficient evidence
to support the trial court’s final judgment because the State failed to
introduce the bail bond into evidence or request the trial court to take
judicial notice of the bail bond.

          In a
bond forfeiture proceeding, the State has the burden of proof and the essential
elements of its cause of action are “the bond and the judicial declaration of
the forfeiture of the bond, which is the judgment nisi.”  Kubosh
v. State, 241 S.W.3d 60, 63 (Tex. 2007). 
In Kubosh, the Court of
Criminal Appeals noted that a trial court may take judicial notice of the
judgment nisi.  Id. at 64 (citing Hokr v.
State, 545 S.W.2d 463, 466 (Tex. Crim. App. 1977)).  A trial court may also take judicial notice
of the bond.  Id. at 65.  In Kubosh, the trial court did not
expressly state that it was taking judicial notice of the bond and the judgment
nisi; however, in its final judgment, the court stated “after considering the
pleadings and evidence herein, including the bail bond and the Judgment of
Forfeiture [presumably the judgment nisi] on file in this cause,” it was
declaring the bond forfeited.  Id. at 62.  This statement showed that the trial court
had taken judicial notice of the bond and judgment nisi and, thus, the evidence
was sufficient to support the forfeiture. 
See id. at 65.

          Lumbermens’s
sole argument is that the evidence in this case is insufficient because “the
State neither offered the judgment nisi nor the bond into evidence and did not
request the court to judicially notice the same.”  The judgment in this case states, in pertinent
part, “. . . it appearing to the Court after consideration of the evidence and
pleadings herein, including the bail bond and the judgment of forfeiture on
file in this cause . . . .”  This is the
same language—including the designation of the judgment nisi as a judgment of
forfeiture—that supported the forfeiture in Kubosh.  See id.
at 62.  Additionally, just as in Kubosh, the bond company here did not
contend before either the trial court or this Court that there is any variance
between the bond and the judgment nisi. 
Furthermore, that Lumbermens posted the bond in question was never a
fact in dispute.  In fact, Lumbermens
submitted a proposed finding of fact to the trial court that stated, “[Lumbermens]
posted a criminal bail-bond on February 10, 2006 for [Zararte], in the amount
of Two Thousand Five Hundred Dollars ($2,500.00) . . . .”  The trial court made this requested
finding.  We therefore conclude the
record shows the trial court took judicial notice of the bond and judgment nisi
and that sufficient evidence exists to support the forfeiture.

          We
overrule Lumbermens’ first issue.  

          Did
Lumbermens establish an affirmative defense to forfeiture?

          In
its second issue, Lumbermens asserts that it established an affirmative defense
to the State’s bond forfeiture action: the defense that the surety should have
been released under article 17.19 of the Texas Code of Criminal Procedure.  That section provides:  

(a)     Any surety,
desiring to surrender his principal and after notifying the principal’s
attorney, if the principal is represented by an attorney, in a manner provided
by Rule 21a, Texas Rules of Civil Procedure, of the surety’s intention to
surrender the principal, may file an affidavit of such intention before the
court or magistrate before which the prosecution is pending. The affidavit must
state:

 

(1)
    the court and cause number of the
case;

 

(2)
    the name of the defendant;

 

(3)
    the offense with which the defendant
is charged;

 

(4)
    the date of the bond;

 

(5)
    the cause for the surrender; and

 

(6)
    that notice of the surety’s intention
to surrender the principal has been given as required by this subsection.

 

(b)     In a prosecution pending before a court, if
the court finds that there is cause for the surety to surrender the surety’s
principal, the court shall issue a capias for the principal.  In a prosecution pending before a magistrate,
if the magistrate finds that there is cause for the surety to surrender the
surety’s principal, the magistrate shall issue a warrant of arrest for the
principal.  It is an affirmative defense
to any liability on the bond that:

 

(1)     the court or magistrate refused to issue a
capias or warrant of arrest for the principal; and

 

(2)
    after the refusal to issue the capias
or warrant of arrest, the principal failed to appear.

 

Tex. Code
Crim. Proc. Ann. art. 17.19 (West Supp. 2010).  The statute must be strictly followed.  Hernandez
v. State, 600 S.W.2d 793, 794 (Tex. Crim. App. 1980); Pfeil
v. State, 40 S.W.2d 120, 123 (Tex. Crim. App. 1931); see Gilmore v. State, No. 2-05-135-CV, 2006 WL 302334, at *2
(Tex. App.—Fort Worth Feb. 9, 2006, pet. denied).  The statue provides six items that are
mandatory in the affidavit of surrender. 
See Tex. Code Crim. Proc. Ann. art. 17.19 (“The
affidavit must state
. . . .” (emphasis added)); Gilmore, 2006
WL 302334, at *2 (noting that Legislature’s use of “must” indicates mandatory
effect and thus affidavit is required to include all six items listed in
statute).

          Lumbermens’ affidavit
of surrender did not list the offense with which the defendant was charged as
required by article 17.19.  See Tex. Code Crim. Proc. Ann. art. 17.19(a)(3).  Therefore, Lumbermens did not establish its
affirmative defense under article 17.19. 
See Gilmore, 2006 WL 302334, at *2 (holding surety could not
avail himself of affirmative defense because affidavit of surrender failed to
state offense with which defendant charged); Wohr v. State, No. 05-96-00719-CV, 1997 WL 277989,
at *1 (Tex. App.—Dallas May 28, 1997, pet. ref’d) (holding trial court did not
err in refusing to issue warrant for defendant’s arrest because affidavit
failed to state offense with which defendant charged or cause for warrant to
issue); see also State v. Vega,
927 S.W.2d 81, 85 (Tex. App.—Houston [1st Dist.] 1996, pet. dism’d w.o.j.)
(“[T]he affirmative defense listed in article 17.19(b) is based upon the filing
of a proper affidavit of surrender with the court in accordance with article
17.19(a).”).     

          We overrule Lumbermens’ second issue.

Conclusion

          We affirm
the judgment of the trial court.

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel consists of Justices
Jennings, Higley, and Brown.

Do not publish.   Tex. R. App. P. 47.2(b).