

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00280-CR

**SHASHANK GIRI,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

**From the 249th District Court
Somervell County, Texas
Trial Court No. C10080**

## MEMORANDUM OPINION

Shashank Giri, a native of Nepal, was charged with the offense of online solicitation of a minor. TEX. PENAL CODE ANN. § 33.021 (West Pamp. 2010). Giri posted a $150,000 cash bond as both principal and surety. His bond was forfeited. Giri filed a motion for new trial, and after a hearing, a final judgment of forfeiture was rendered. Because the trial court did not err in denying Giri's motion for new trial, the trial court's judgment is affirmed.

In two issues, Giri contends the trial court erred in denying his Motion for New Trial to Set Aside Forfeiture Judgment because 1) Giri's failure to appear was due to an

uncontrollable circumstance, and 2) the bail bond condition through which Giri agreed

to waive his statutory defenses, such as uncontrollable circumstance, was unenforceable

because it violated the due process and equal protection clauses of the Texas and United

States Constitutions.

The condition included in the bond about which Giri complains in his second

issue provides:

> The principal and surety agree that in the event the principal is not a
> United States citizen and is taken into custody by the United States
> Department of Homeland Security Immigration and Customs
> Enforcement ("ICE"), and fails to make his personal appearance in court,
> that the principal and surety shall remain jointly and severally liable on
> the bond and agree to waive the statutory defenses set forth in Article
> 17.16(a)(2) and 22.13(a)(3) of the Texas Code of Criminal Procedure.

### PROCEDURE FOR BOND FORFEITURE

In a bail bond forfeiture, the State has the burden of proof. *Kubosh v. State*, 241

S.W.3d 60, 63 (Tex. Crim. App. 2007). "The essential elements of the State's cause of

action in a bond forfeiture proceeding are the bond and the judicial declaration of the

forfeiture of the bond, which is the judgment nisi." *Id*. (quoting *Alvarez v. State*, 861

S.W.2d 878, 880-81 (Tex. Crim. App. 1992)). A trial court may take judicial notice of the

judgment nisi and the bond. *Id*. at 64. A judgment nisi is prima facie proof that the

statutory requirements have been satisfied and once a prima facie case has been

established, the defendant must then prove that one of the statutory requirements of the

judgment nisi has not been satisfied, *Alvarez v. State*, 861 S.W.2d 878, 881 (Tex. Crim.

App. 1992), or prove one of the affirmative defenses specified by statute. *See Castaneda

v. State*, 138 S.W.3d 304, 323 (Tex. Crim. App. 2004) (op. on reh'g); *Allegheny Cas. Co. v.*

*State*, 163 S.W.3d 220, 227 (Tex. App.—El Paso 2005, no pet.). Giri asserted two affirmative defenses.

**STATUTORY DEFENSES**

Within his first issue, Giri asserts the two statutory defenses he waived by the condition in the challenged bond. The statutory defenses are affirmative defenses because the principal and surety have the burden of proof by a preponderance of the evidence. *See Castaneda*, 138 S.W.3d at 323; *Allegheny Cas. Co.*, 163 S.W.3d at 227. We address Giri's assertion of the affirmative defenses, assuming without deciding that the forgoing complained of condition is unenforceable.

### *Otherwise Incarcerated Defense*

Article 17.16 provides that "a surety may before forfeiture relieve himself of his undertaking by: (2) delivering to the sheriff of the county where the prosecution is pending an affidavit stating that the accused is incarcerated in federal custody, in the custody of any state, or in any county of this state. . . . For the purposes of Subsection (a)(2) of this article, the bond is discharged and the surety is absolved of liability on the bond on the sheriff's verification of the incarceration of the accused." TEX. CODE CRIM. PROC. ANN. art. 17.16(a)(2), (b) (West 2005). The Court of Criminal Appeals, albeit in dicta, has observed that by its plain language, article 17.16 releases a surety from liability on a bond when verification of the principal's incarceration in another jurisdiction is requested and the sheriff is able to verify that incarceration. *Castaneda*, 138 S.W.3d at 322.

## *Uncontrollable Circumstance Defense*

To prevail on the statutory defense pursuant to article 22.12(a)(3), a defendant is required to prove that (1) some uncontrollable circumstance prevented the principal's appearance at court; (2) the principal's failure to appear arose through no fault of his own; and (3) the principal appeared before final judgment to answer the accusation against him or had sufficient cause for not appearing. *Castaneda*, 138 S.W.3d at 323; s*ee* TEX. CODE CRIM. PROC. ANN. art. 22.13(a)(3) (West 2009).

## *Application*

In this proceeding, the trial court took judicial notice of the "documents in the court's file" which included the bond and the judgment nisi. The burden then shifted to Giri to prove a statutory defense. Even if the bond condition waiving his statutory defenses is unenforceable, a decision we are expressly not making,[1] Giri did not present any evidence that if he was taken into custody and deported, the sheriff of Somervell County was requested, or was able, to verify the custody or deportation as required by the article 17.16 defense. Further, Giri did not prove an "uncontrollable circumstance" prevented his appearance. Giri did not appear for any hearing in this bond forfeiture proceeding or show sufficient cause for not appearing. Counsel appeared on Giri's behalf at the hearing on the motion for new trial and argued that Giri had been deported and could not appear. Counsel did not present any evidence that Giri was

---

[1] As the Court of Criminal Appeals has stated, "we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable." *Pena v. State*, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006).

actually deported or that deportation, if it occurred, occurred before his trial date, or

that it arose through no fault of Giri's as required by the article 22.13 defense.[2]

**CONCLUSION**

Accordingly, the trial court did not err in denying Giri's motion for new trial,

and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed March 30, 2011
Do not publish
[CV06]

---

[2] We note the presence of an affidavit in Giri's appendix. It appears the affidavit may be an exhibit to his motion for new trial. The motion for new trial is included in the clerk's record but the affidavit is not included in the clerk's record as an exhibit. The affidavit is from Ben Hill Turner, Giri's counsel. It does not state it is based on personal knowledge. Further, it was not introduced into evidence at the hearing. Even if we can consider it because the trial court took judicial notice of the documents in the court's file, it does not indicate when Giri left the United States or that Giri sought to remain in or re-enter the United States so as to appear in court as required by the bond.