**Affirmed and Memorandum Opinion filed December 6, 2011.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-10-00566-CR

---

### LUKE BAIR, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 08-DCV-165515**

---

## M E M O R A N D U M   O P I N I O N

Appellant, Luke Bair, appeals a final judgment forfeiting a bail bond for which he was the surety. We affirm.

### BACKGROUND

In 2005, James Hao Hu Taylor was arrested and charged with murder. On December 22, 2005, Bair, as surety, executed a $200,000 cash bond to secure Taylor's release from custody. Although the condition is not noted on the bond instrument, it is undisputed that Taylor was required to wear a monitoring device as a condition of his release.

On December 8, 2006, the pre-trial officer supervising Taylor filed a document requesting revocation of the bond and issuance of a capias for Taylor's arrest because he tampered with the monitoring device and did not respond to numerous attempts to contact him. The record reflects that the trial court held a hearing the same day, but Taylor did not appear or answer; therefore, the court ordered revocation of the bond pursuant to Texas Code of Criminal Procedure article 17.40, finding that Taylor violated rules governing the monitoring program. *See* Tex. Code Crim. Proc. Ann. art. 17.40(b) (West Supp. 2011) (providing that, at hearing limited to determining whether defendant violated a condition of bond related to safety of victim or community, trial court may revoke bond only if it finds by preponderance of the evidence that defendant committed the violation). On the same day, the trial court signed the following notation at the bottom of the document requesting bond revocation: "You are hereby ordered to issue a capias for Revocation of Bond as requested in the above affidavit." The district clerk issued the capias. Taylor was never subsequently arrested and failed to appear for trial.

On July 23, 2008, the trial court signed a "Judgment Nisi," ordering forfeiture of the bond and expressing that the judgment would be made final unless good cause is shown for Taylor's failure to appear. On May 19, 2010, the trial court signed a "Final Judgment," reciting that it conducted a trial that same day, considered evidence, including the bond and the judgment nisi on file, and found no sufficient cause for Taylor's failure to appear and the judgment of forfeiture should be made final. In the final judgment, the court ordered that the State recover from Taylor and Bair, jointly and severally, $200,000, plus $148 in court costs and an administrative fee of $50. Only Bair now appeals the final judgment.

## ANALYSIS

Chapter 22 of the Texas Code of Criminal Procedure governs forfeiture of bail. *See generally* Tex. Code Crim. Proc. Ann. arts. 22.01–.18 (West 2009). Under Chapter 22, "[w]hen a defendant is bound by bail to appear and fails to appear in any court in which such case may be pending and at any time when his personal appearance is

2

required under this Code, or by any court or magistrate, a forfeiture of his bail and a judicial declaration of such forfeiture shall be taken in the manner provided in Article 22.02 . . . and entered by such court." *Id.* art. 22.01. Article 22.02 requires that the defendant's name be called at the courthouse door, and if he does not appear within a reasonable time, the court render a judicial declaration of forfeiture, i.e., the judgment nisi, stating the judgment will become final unless good cause is shown for the defendant's failure to appear. *Id.* art. 22.02; *see Kubosh v. State*, 241 S.W.3d 60, 63 (Tex. Crim. App. 2007). After entry of this judgment nisi, citation must be served on the surety notifying the surety that the bond has been forfeited and requiring the surety to appear and show cause why the judgment of forfeiture should not be made final. Tex. Code Crim. Proc. Ann. art. 22.03(a); *see id.* arts. 22.03–.09, 22.11 (prescribing rules for service of citation and surety's right to answer). The proceeding relative to rendition of final judgment on the declaration of forfeiture is docketed on the scire facias or civil docket and governed by the same rules applicable to other civil suits. *See id.* art. 22.10. The judgment shall be made final if, upon trial of the issues presented, no sufficient cause is shown for the principal's failure to appear. *Id.* art. 22.14.

In a bond forfeiture proceeding, the State bears the burden of proof. *Kubosh*, 241 S.W.3d at 63. The elements of the State's cause are the bond and the judgment nisi. *Id.* The court may exonerate the defendant and his sureties from liability on the forfeiture, remit the amount of the forfeiture, or set aside the forfeiture "only as expressly provided by" Chapter 22. Tex. Code Crim. Proc. Ann. art. 22.125. Article 22.13 provides that certain enumerated causes, including the following, "and no other" will exonerate the defendant and his sureties from liability upon the forfeiture taken: "That the bond is, for any cause, not a valid and binding undertaking in law." *Id.* art. 22.13(a)(1).

Citing this provision, Bair contends the bond was "not a valid and binding undertaking in law" at the time of forfeiture because it was previously revoked.[1]

---

[1] Bair also suggests the revocation was invalid because the trial court did not conduct a hearing or enter findings relative to the revocation proceeding, *see* Tex. Code Crim. Proc. Ann. art 17.40(b), and should have delayed revocation until Taylor was returned to custody pursuant to the capias. However,

3

However, no record was made of the trial conducted by the court before rendition of final judgment. Therefore, the appellate record does not reflect that Bair presented to the trial court the contention he now raises on appeal.[2]

The Court of Criminal Appeals has characterized the grounds for exoneration under article 22.13 as "affirmative defense[s]" to liability upon the forfeiture. *See Castaneda v. State*, 138 S.W.3d 304, 321, 323 (Tex. Crim. App. 2004) (op. on rehearing). The party asserting an affirmative defense bears the burden to plead, prove, and secure findings on the defense. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988). Indeed, Chapter 22 contemplates that the surety bears the burden to show cause why a judgment of forfeiture should not be made final. *See* Tex. Code Crim. Proc. Ann. arts. 22.03(a); 22.11; 22.14. Moreover, to preserve an issue for appellate review, a party must make a timely objection or request to the trial court, sufficiently stating the specific grounds for the requested ruling, unless apparent from the context. Tex. R. App. P. 33.1(a).

In *Castaneda*, the appellant surety challenged a judgment of forfeiture on the following grounds, among other contentions: (1) he was released from liability on the bond before the State moved for forfeiture; and (2) he was exonerated from liability because the bond "was . . . not a valid and binding undertaking in law" for various reasons. 138 S.W.3d at 322–23. The Court of Criminal Appeals refused to consider these two grounds because the surety failed to present them to the trial court. *Id.* at 323; *see Hailey v. State*, 87 S.W.3d 118, 121–22 (Tex. Crim. App. 2002) (recognizing that it violates "ordinary notions of procedural default" for court of appeals to reverse trial court's decision on legal theory not presented to trial court by complaining party).

the court recited in the judgment nisi that it conducted a hearing and made the necessary findings on the revocation request. Nonetheless, whether revocation was valid is immaterial to the ultimate appellate issue raised by Bair because this case is not an appeal from the revocation. Instead, we construe the gist of Bair's argument as a contention that forfeiture was improper because the bond was "not a valid and binding undertaking in law" due to the previous revocation, regardless of whether revocation was valid.

[2] The appellate record does not reflect that Bair requested the reporter to record the trial or objected to the lack of a recording. Nevertheless, on appeal, Bair does not mention, much less complain about, the lack of such a record.

Likewise, because the record does not reflect that Bair presented to the trial court the affirmative defense he now raises on appeal, we may not reverse the judgment on this ground, even if it is meritorious. Finally, Bair did not file a motion for new trial or otherwise present his contention to the court before or after trial, assuming without deciding that, absent a record of the trial, he would have properly preserved his contention via motion for new trial or some other method.[3]

Accordingly, we overrule Bair's sole issue and affirm the trial court's judgment.


/s/    Charles W. Seymore
        Justice


Panel consists of Justices Frost, Seymore, and Jamison.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[3] In his answer, Bair generally alleged the bond was "not a valid or binding undertaking at law" but failed to cite any specific reason, and the record does not indicate he subsequently presented this general defense to the trial court, much less the specific basis he now advances on appeal.