

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

### No. 07-24-00006-CR

**CARIN MARIE SPENCER, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2022-158-C1, Honorable Vickram Deivanayagam, Presiding

August 19, 2024

## MEMORANDUM OPINION[1]

**Before QUINN, C.J., and DOSS and YARBROUGH, JJ.**

Carin Marie Spencer appeals from her felony conviction for driving while intoxicated. Through three issues, she contends: 1) the trial court lacked authority to make the deadly weapon finding; 2) the evidence is legally insufficient to support the trial court's deadly weapon finding, and 3) the trial court reversibly erred in taking judicial notice of three prior convictions referenced in an exhibit during punishment. We affirm.

---

[1] The Texas Supreme Court transferred this appeal from the Tenth Court of Appeals. Thus, we are bound by the latter's precedent should it conflict with ours. TEX. R. APP. P. 41.3.

***Background***

Purportedly being "drunker than Cooter Brown," appellant drove her car into an apartment building. The ensuing damage caused by the vehicle resulted in concerns about the structural integrity of the building. Furthermore, a blood draw revealed appellant's blood alcohol level to be 0.193, an amount over the legal limit.

Appellant having two prior convictions for driving while intoxicated, the State again indicted her for the same offense. The two prior convictions mentioned were also averred in the indictment. At the close of the evidence, the jury found appellant guilty of the offense. Thereafter, appellant had the trial court determine punishment. Upon hearing evidence proffered, the trial court assessed a ten-year prison sentence and issued a deadly weapon finding. Appellant then filed her appeal.

***Issue One—Authority to Issue a Deadly Weapon Finding***

Through her first issue, appellant argues the trial court lacked authority to make a deadly weapon finding. Allegedly, that task fell within the province of the jury. Since the jury was not asked to address it, the trial court could not, according to appellant. We overrule the issue.

When, as in the current case, the trial court ***is*** the factfinder in the punishment phase of the trial, it has the authority to make an affirmative finding. *See Fann v. State*, 702 S.W.2d 602, 604-05 (Tex. Crim. App. 1985) (op. on reh'g); *Walker v. State*, No. 05-13-01082-CR, 2014 Tex. App. LEXIS 11869, at *5-6 (Tex. App.—Dallas Oct. 29, 2014, no pet.) (mem. op., not designated for publication); *Sullivan v. State*, 248 S.W.3d 746, 752 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Thus, it had the power to render a deadly weapon finding.

***Issue Two—Sufficiency of the Evidence Underlying Deadly Weapon Finding***

By her second issue, appellant contends the evidence was insufficient to support the trial court's deadly weapon finding.[2]  We overrule the issue.

The standard of review is that set forth in *Brister v. State*, 449 S.W.3d 490 (Tex. Crim. App. 2014).  We apply it here.  Next, to sustain a deadly weapon finding, the evidence must demonstrate that:  1) the object meets the definition of a deadly weapon;[3] 2) the deadly weapon was used or exhibited during the incident underlying the crime; and 3) other people were put in actual danger.  *Id*. at 494.  The word "others" denotes individuals other than the actor herself, and danger to the actor alone does not meet the requisite standard of deadly weapon use.  *Id.*  Therefore, the reviewing court must determine that, viewed in the requisite light, no rational trier of fact could have found these requirements beyond a reasonable doubt.  *Id.*

A motor vehicle is not a deadly weapon per se but can become one if used in a manner that is capable of causing death or serious bodily injury.  *Id.*  The record must also include evidence that others were actually endangered, not "merely a hypothetical potential for danger if others had been present."  *Id.  See Smith v. State*, No. 05-23-00361-CR, 2024 Tex. App. LEXIS 3163, at *5 (Tex. App.—Dallas May 8, 2024, no pet.) (mem. op., not designated for publication).  This does not require proof of actual bodily injury or intent to injure.  *Moore v. State*, 520 S.W.3d 906, 908 (Tex. Crim. App. 2017).   Some evidence appears of record supporting each element.

---

[2] A deadly weapon finding precludes a court from placing an otherwise eligible individual on community supervision and affects one's eligibility for parole.  *Duran v. State*, 492 S.W.3d 741, 745, n.10 (Tex. Crim. App. 2016).

[3] "Deadly weapon" includes, among other things, "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."  TEX. PENAL CODE ANN. § 1.07(a)(17)(B).

As said above, a motor vehicle may be a deadly weapon depending on its manner of use. The manner of use here certainly rendered the vehicle appellant operated to be one. She drove it fast enough to strike an apartment wall with enough force to dislodge bricks, leave a deep concaved depression measuring multiple feet in circumference, and crush the vehicle's front bumper, grill, and hood. So driving rendered the vehicle capable of causing serious injury to the relatively frail human body when compared with the impact to the wall. "Bumbles bounce;"[4] human bodies break.

As for individuals other than appellant actually being endangered, testimony appears of record placing Cynthia Wells at the scene of the accident before, during, and after its occurrence. Indeed, she was a passenger within the vehicle. A sufficiently forceful impact causing occupants to be tossed about posed a substantial risk of serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ. TEX. PENAL CODE ANN. § 1.07(a)(46) (defining serious bodily injury as bodily injury creating a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ). Common sense indicates that bones could fracture, and the factfinder is not required to dismiss common sense. *Rodriguez v. State*, No. 07-18-00315-CR, 2019 Tex. App. LEXIS 2514, at *7 (Tex. App.—Amarillo Mar. 28, 2019, pet. ref'd) (noting a factfinder "need not check . . . common sense at the door"). Indeed, merely breaking one's nose as a result of its striking a surface of the car's interior would evince serious bodily injury. *See e.g.*, *Villasenor v. State,* No. 14-15-00255-CR, 2016 Tex. App. LEXIS 1160, at *4

---

[4] Yukon Cornelius, "Rudolph the Red-Nosed Reindeer."

4

(Tex. App.—Houston [14th Dist.] Feb. 4, 2015, no pet.) (mem. op., not designated for publication) (holding a broken nose to be serious bodily injury).

Simply put, the trial court, as factfinder, had some evidence from which it could reasonably deduce that the car appellant drove was a deadly weapon. Thus, its finding to that effect had the support of legally sufficient evidence.

### Issue Three—Judicial Notice

Through her last issue, appellant contends the trial court erred in taking judicial notice of prior convictions referenced in State's Exhibit 8 during the punishment phase of trial. We overrule the issue.

State's Exhibit 8 was a report of Indeterminate Sentence out of the Superior Court of California. The State asked the court to take judicial notice that "in the judgment for the conviction out of Santa Clara County, California, in 1991, the Defendant pled true to prior convictions for driving under the influence of alcohol in Santa Clara County in nineteen -- in February of 1984, March of 1984 and December of 1989." The trial court did so, and appellant failed to object. Having so failed, she did not preserve her complaint for review. *See* TEX. R. APP. P. 33.1 (requiring error to be preserved for appellate review); *Badillo v. State*, Nos. 07-07-0081-CR, 07-07-0082-CR, 07-07-0083-CR, 2009 Tex. App. LEXIS 1465, at *17-18 (Tex. App.—Amarillo Feb. 20, 2009, no pet.) (mem. op., not designated for publication) (involving judicial notice and the failure to object).

Appellant's citation to *Kubosh v. State*, 241 S.W.3d 60 (Tex. Crim. App. 2007) does not require a contrary result. There, the Court of Criminal Appeals noted that the trial court failed to announce on the record that it was taking judicial notice. *Id.* at 66. Given those circumstances, the Court reasoned that Rule 201(e) of the Texas Rules of Evidence

5

would justify appellant's urging his complaint for the first time via a motion for new trial. *Id.* Here, the trial court uttered the announcement withheld in *Kubosh*, thereby rendering the opinion inapposite.

Having overruled each issue, we affirm the trial court's judgment.


Brian Quinn
Chief Justice


Do not publish.