## JOHN MARKHAM ET AL. V. THE STATE.

*No. 324. Decided February 10.*

1. **Scire Facias—Continuance.**—On a scire facias proceeding upon a forfeited bail bond, a continuance will not be granted the sureties for the testimony of their absent principal where the application for continuance shows that said principal is absent solely on account of his own private business.

2. **Same—Answer of Sureties—Sickness of Principal.**—On a scire facias proceeding for judgment final on a forfeited bail bond, if the sureties rely as a defense upon the fact that their principal was sick at the time of the forfeiture, *Held*, that under provisions of article 452 of the Code of Criminal Procedure, subdivision 3, it must be alleged and shown (1) that his failure to appear at court arose from no fault

on his part; and (2) even such sickness is not sufficient to exonerate the principal and his sureties unless the principal appears before final judgment on the bail bond in answer *to the accusation* against him, or shows sufficient cause for not so appearing.

APPEAL from the County Court of Archer. Tried below before Hon. A. LEWELLYN, County Judge.

This appeal is from a judgment final on a forfeited bail bond executed by John Markham as principal, with R. H. Jones and J. F. Batla as sureties, in the sum of $200, conditioned for the appearance of said Markham before the County Court to answer to an information against him for carrying a pistol. Having failed to appear, the bond was forfeited and judgment nisi rendered, with scire facias to the sureties. In answer to the scire facias the sureties pleaded sickness of their principal at the time said bond was forfeited. When the case on scire facias was called for trial, the principal, Markham, being absent, the sureties applied for a continuance to obtain his testimony, and attached to their application a letter from Markham, stating that he was in Dimmitt, Texas, looking after some cattle belonging to parties who had hired him.

No further statement necessary.

*R. E. Taylor*, for appellants.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant, John Markham, being charged by information in the County Court of Archer County with unlawfully carrying a pistol, entered into a bail bond, with J. F. Batla and R. H. Jones as sureties, conditioned for his appearance before said court at the July Term, 1893. His case was called on July 3, 1893, and not being present, it was passed until July 7, at which time, he being still absent, a judgment nisi was taken upon the bond. In their answer to the judgment nisi the sureties set up the sickness of their principal, the said John Markham, on the 7th day of July; that he remained in his room under advice of a physician, and was not able to be present; and that his physical condition was such that he was exercising considerable care over himself.

At the trial of this cause on said answer appellants moved for a continuance on account of the absence of Markham, which the court overruled. We see no error in the ruling. The fact that John Markham was attending to other business is no ground for continuance.

The only important question presented by the record is whether a sufficient defense has been set up in the answer of appellants. Article 452, subdivision 3, of the Code of Criminal Procedure, declares, that in pleading sickness of the principal it must be shown (1) that

his failure to appear at court arose from *no fault* on his part; and (2) it should not be deemed then a cause sufficient to exonerate the principal and his sureties, unless such principal appear before final judgment on the bail bond in answer *to the accusation* against him, or shows sufficient cause for not so appearing.

It is not necessary to decide whether bilious indigestion, produced by drunkenness, at the time when appellant was bound to appear for trial, is an excuse. His failure to appear in answer to the charge against him, or to show a sufficient cause for his failure to appear, would have defeated any such defense. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.