**Perry Morrisson PRESCOTT et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 35193.**

Court of Criminal Appeals of Texas.

Jan. 16, 1963.

McCarthy, Carnahan, Fields & Haynes, Amarillo, for appellant.

Frank J. Baughman, Dist. Atty., Oth O. Miller, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

This is an appeal by Dora Dean Prescott and Cloyd Coody, as sureties in a recognizance of Perry Morrisson Prescott, the defendant-principal, from a final judgment of the 47th Judicial District Court of Potter County forfeiting said obligation.

The recognizance, in the amount of $5,-000, was entered into by the appellants in the 47th District Court of Potter County on December 31, 1959, on an appeal by the principal, Perry Morrisson Prescott, from an order revoking probation granted to him in Cause No. 9865, styled The State of Texas vs. Perry Morrisson Prescott, upon his conviction for the offense of arson with punishment assessed at confinement in the penitentiary for three years.

Such recognizance was conditioned as provided by law, and bound the defendant-principal, Prescott, to appear before the court instanter "and there remain from day to day and from term to term of this Court, and not depart therefrom without leave of the Court, in order to abide the judgment of the Court of Criminal appeals of the State of Texas in said cause."

On October 18, 1961, the court's judgment revoking probation was affirmed by this court in a per curiam opinion, not reported, and on November 3, 1961, mandate was issued by the clerk.

On February 27, 1962, judgment nisi was entered in the 47th District Court of Potter County on the recognizance, upon failure of the principal to appear in said court when the cause was called for hearing in order that he might be compelled to abide the mandate issued by the clerk of this court.

Citation was duly issued and served upon the appellant-sureties, to which they answered and appeared in the cause. After a hearing, final judgment was rendered by the court on May 24, 1962, against the principal and appellant-sureties for the full amount of the recognizance.

At the hearing, appellant-sureties sought to exonerate themselves from liability on the recognizance by showing that pending the appeal to this court by the principal-defendant from the judgment revoking probation and before issuance of the mandate in the cause on November 3, 1961, the principal-defendant was adjudged insane and committed to the Wichita Falls State Hospital, on May 23, 1960, in an insanity hearing held in the 108th District Court of Potter County, in Cause No. 10,577, wherein he stood charged by indictment with the subsequent offense of drunken driving.

It is appellants' contention that after the principal was found to be insane and committed to the state hospital the court was without legal authority at the subsequent proceedings to order forfeiture of the recognizance and that before said recognizance could be forfeited it was incumbent upon the state to show that there had been an adjudication of the principal's restoration to sanity.

In support of their contention, appellants rely upon Sec. 5 of Art. 932b, Vernon's Ann.C.C.P., which provides that when a defendant is found to be insane and committed to a state hospital, all further proceedings in the case against him shall be suspended until he becomes sane, and reliance is also had upon Sec. 6 of the statute, which prescribes the procedure for trial on the issue of recovery of sanity of an accused committed to a state hospital, under the statute.

Reference is further made by appellants to Sec. 3 of Art. 932b, supra, which provides that if the question of sanity of a defendant is raised after his conviction prior to the pronouncement of sentence in a felony case or while an appeal is pending, the judge of the convicting court, upon sufficient proof, shall impanel a jury to determine whether the defendant is sane or insane, and if the jury finds him insane the judge shall order him committed to a state hospital, and if the jury finds him sane the proceedings in the case against him shall continue.

Appellants further rely upon the opinions of this court in Witty v. State, 69 Tex.Cr. R. 125, 153 S.W. 1146, and Gephart v. State, 157 Tex.Cr.R. 414, 249 S.W.2d 612, decided prior to the enactment of Art. 932b, supra, which held that the adjudication by a jury in county court that an accused was insane —while not a bar to his prosecution for a felony in the district court—did constitute presumptive evidence of insanity and made out a prima facie case to be overcome by the state.

We do not deem the provisions of the statute and decisions relied upon by appellant as here controlling.

Art. 436, V.A.C.C.P., enumerates the causes, "and no other," which will exonerate the defendant and his sureties from liability upon the forfeiture of a bond. The article does not provide as a cause for exoneration the adjudication of insanity of the defendant prior to the appearance date.

Subdivision 3 of the statute (Art. 436, supra) provides as a cause which will exonerate, the following:

"The sickness of the principal or some uncontrollable circumstance

which prevented his appearance at court, and it must, in every such case, be shown that his failure to appear arose from no fault on his part. The causes mentioned in this subdivision shall not be deemed sufficient to exonerate the principal and his sureties unless such principal appear before final judgment on the recognizance or bail bond to answer the accusation against him, or show sufficient cause for not so appearing."

While confinement in a mental hospital under an adjudication of insanity could constitute a cause for exoneration under this provision of the statute and is a cause under the weight of authority in other jurisdictions (7 A.L.R., p. 394), the proof does not show that such was the reason for the principal's failure to appear in the present case.

The record before us affirmatively reflects that prior to the time the principal was called upon to appear in district court after issuance of the mandate, he was returned to the Amarillo jail from the Wichita Falls State Hospital, upon the authority of the hospital, to stand trial for a felony, and that while so confined he escaped or otherwise took leave and has not since been seen.

For sickness or any cause to exonerate under Subd. 3 of the statute, it must be shown that the principal's failure to appear arose through no fault of his own, and then such is not deemed sufficient unless the principal appear before final judgment on the bond or recognizance to answer the charge against him or show sufficient cause for not appearing. Markham v. State, 33 Tex.Cr.R. 91, 25 S.W. 127, and Holley v. State, 70 Tex.Cr.R. 511, 157 S.W. 937.

No proof was offered by the appellants that the principal's failure to appear was through no fault of his own. The principal made no appearance before the court in the present case before entry of final judgment on the forfeiture of the recognizance and no proof was offered by appellants as to why he did not appear.

Under the record, the court did not err in rendering final judgment against the principal and appellant-sureties, upon forfeiture of the recognizance entered into by them.

The judgment is affirmed.

Opinion approved by the Court.