**A. L. HERNDEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48173.**

Court of Criminal Appeals of Texas.

April 17, 1974.

Polk Shelton, II, W. Chapman Byrd, Austin, for appellant.

Robert O. Smith, Dist. Atty., Stephen Capelle, Asst. Dist. Atty., Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a bond forfeiture proceeding. On October 4, 1971, the appellant signed as a surety on a twenty-five thousand dollar bail bond with one Samuel Gomez as principal.

It appears from the record filed in this cause that the principal, Gomez, was convicted on April 5, 1972, of the offense of possession of heroin. The punishment hearing was set for April 20, 1972. On that date, the principal failed to appear when the case was called, and a judgment nisi declaring a forefeiture of the bond was entered against the principal and the sureties.

The appellant was properly notified and a hearing was held on July 13, 1973, which resulted in a final judgment declaring a forfeiture of the bond.

During this hearing, the appellant introduced evidence in an attempt to prove that the principal, Gomez, had died in Mexico on September 19, 1972. Appellant vigorously urges that this evidence exonerates him under the language of Art. 22.13(2), Vernon's Ann.C.C.P., which states:

"The following causes, and no other, will exonerate the defendant and his sureties, if any, from liability upon the forfeiture taken:

" . . . (2) The death of the principal *before* the forfeiture was taken" (Emphasis added)

It is well-settled that a judgment nisi is not a final judgment, but rather is of the nature of an interlocutory judgment. See Art. 22.02, V.A.C.C.P., and Burgemeister v. State, 83 Tex.Cr.R. 307, 203 S.W. 770 (1918).

As appellant correctly observes, the question here presented is "when is forfeiture taken?" In essence, does the death of the principal after judgment nisi but before final judgment relieve the surety under Art. 22.13(2), supra? Appellant contends that a forfeiture cannot be taken until final judgment, and that a judgment nisi is, in effect, only a summons to appear.

Under appellant's reasoning, the terms "forfeiture" and "final judgment" would be used interchangeably. The terms are not and have never been so used in the statute.

A reading of the early cases makes clear that the term "forfeiture" was equated with a judgment nisi. See Blalock v. State, 3 Tex.App. 376 (1878); Price v. State, 4 Tex.App. 73 (1878); Thompson v. State, 17 Tex.App. 318 (1884) and cases there cited; Markham v. State, 33 Tex. Cr.R. 91, 25 S.W. 127 (1894); Deem v. State, 170 Tex.Cr.R. 564, 342 S.W.2d 758 (1961); and Apodaca v. State, 493 S.W.2d 859 (Tex.Cr.App.1973). Further, the use of the term "forfeiture" in the entirety of chapter 22 of the Code is consistent with this interpretation. For example, Art. 22.-03 requires that citation issue to the sureties requiring them to appear and " . . . show cause why the *judgment of forfeiture* should not be made final." (Emphasis added). Art. 22.04 requires that a copy of the "judgment of forfeiture" be attached to the above citation, and at this stage that judgment can only be a judgment nisi. Art. 22.07 requires that the county " . . . in which the forfeiture has been taken" shall pay the costs of citation by publication. See also Arts. 22.09–22.12, V. A.C.C.P.

The language of Art. 22.17, it is urged, is inconsistent with this position. Art. 22.-17 states:

"When the principal appears before the entry of final judgment, and sufficient cause is shown for his failure to appear *before the forfeiture is taken,* . . . he shall be entitled to have the forfeiture set aside." (Emphasis added)

Appellant urges that the use of the phrase " . . . before forfeiture *is* taken . . . " implies that the forfeiture does not occur before final judgment. As noted above, this is not correct, and the use of the verb "is" rather than "was" does not render Art. 22.17 inconsistent with the interpretation previously given to the term "forfeiture."

The death of the principal in this case did not occur before the forfeiture was taken. In view of this fact, the condition of Art. 22.13(2) has not been met, and appellant has shown no grounds which would entitle him to exoneration from liability on the bond.

Due to our disposition of appellant's first ground of error, it is unnecessary to discuss his other assertions, which are essentially repetitions of the first ground of error.

The judgment is affirmed.