**Opinion filed August 23, 2012**



# In The

# Eleventh Court of Appeals

_____

### No. 11-11-00016-CR

_____

### CHRISTOPHER SPEARS, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 85th District Court**
**Brazos County, Texas**
**Trial Court Cause No. 09-02086-CRF-85**

### O P I N I O N

This is an appeal from a bail bond forfeiture proceeding.[1]  Marco Steven Enriquez was arrested and charged with the offense of possession of a controlled substance.[2]  He and his surety, Christopher Spears, posted a bail bond in the amount of $5,000 on the charge.  An indictment on the possession charge was filed on May 14, 2009, and a hearing on the case was set for August 27, 2009.  Enriquez did not appear for the hearing on August 27, 2009.  A capias

---

[1]An appeal from a bond forfeiture proceeding originating in a criminal case is a criminal matter with final state-court jurisdiction vested in the Court of Criminal Appeals.  *Safety Nat'l Cas. Corp. v. State*, 305 S.W.3d 586, 588 (Tex. Crim. App. 2010).

[2]Enriquez is not a party to this appeal.

for Enriquez's arrest and a *judgment nisi*[3] forfeiting the bond were issued on August 31, 2009, based upon Enriquez's failure to appear.

As the surety on the bond, appellant filed an answer seeking to be exonerated from liability under the bond. *See* TEX. CODE CRIM. PROC. ANN. art. 22.13 (West 2009). He also sought a remittitur of all or part of the amount of the bond. *See* TEX. CODE CRIM. PROC. ANN. art. 22.16 (West 2009). The trial court conducted a bench trial on appellant's claims on August 4, 2010. The trial court entered final judgment on September 24, 2010, declaring the *judgment nisi* final and awarding judgment in favor of the State against appellant and Enriquez in the amount of $5,000. Appellant challenges the trial court's judgment in a single issue. We affirm.

*Analysis*

In a bail bond forfeiture, the State has the burden of proof. *Kubosh v. State*, 241 S.W.3d 60, 63 (Tex. Crim. App. 2007). "The essential elements of the State's cause of action in a bond forfeiture proceeding are the bond and the judicial declaration of the forfeiture of the bond, which is the judgment nisi." *Id.* (quoting *Alvarez v. State*, 861 S.W.2d 878, 880–81 (Tex. Crim. App. 1992)). A trial court may take judicial notice of the *judgment nisi* and the bond. *Id.* at 64. A *judgment nisi* is prima facie proof that the statutory requirements have been satisfied, and once a prima facie case has been established, the defendant must then prove that one of the statutory requirements of the *judgment nisi* has not been satisfied, *Alvarez*, 861 S.W.2d at 881, or prove one of the affirmative defenses specified by statute. *See Castaneda v. State*, 138 S.W.3d 304, 323 (Tex. Crim. App. 2004); *Allegheny Cas. Co. v. State*, 163 S.W.3d 220, 227 (Tex. App.—El Paso 2005, no pet.).

In his sole issue, appellant contends that the trial court abused its discretion in denying his request for remittitur. Article 22.16(b) provides that, "[f]or other good cause shown and before the entry of a final judgment against the bond, the court in its discretion may remit to the surety all or part of the amount of the bond." Appellant's remittitur contention relies upon the ground for exoneration set out in Article 22.13(5)(B). This provision states that the defendant and the surety will be exonerated from liability for the forfeiture of the bond if the principal is

---

[3]As noted by the Court of Criminal Appeals in *Safety Nat'l Cas. Corp. v. State*, 273 S.W.3d 157, 163 (Tex. Crim. App. 2008): "[A] judgment nisi alone does not authorize recovery of a bond amount by the State. A judgment nisi is a provisional judgment that is not final or absolute, but may become final. Nisi means 'unless,' so a judgment nisi is valid unless a party shows cause why it should be withdrawn" (internal citation omitted).

2

incarcerated in any jurisdiction in the United States not later than the 270th day after the date of the principal's failure to appear in court on a felony charge. Appellant asserts that he located Enriquez in Georgia before the expiration of the 270th day but that officials in Brazos County did not make the appropriate entry into a national criminal database that would permit officials in Georgia to take Enriquez into custody.

Appellant argues on appeal that the trial court abused its discretion by not remitting the bond amount to appellant because the State prevented appellant from exercising the exoneration ground cited above. The trial court rejected appellant's contention at trial on the basis that it constituted the affirmative defense of estoppel being asserted against the State.

We conclude that the trial court did not abuse its discretion in denying appellant's request for remittitur. We agree with the trial court's conclusion that appellant is essentially arguing that the State should be estopped from seeking forfeiture of the bail bond. Equitable estoppel generally does not apply to governmental entities. *In re S.A.P.*, 156 S.W.3d 574, 577 (Tex. 2005). Furthermore, the Court of Criminal Appeals noted several factors that the trial court may consider in deciding a request for remittitur, including whether the accused's failure to appear in court was willful, whether the surety received compensation for the risk of executing the bail bond, and whether the surety will suffer extreme hardship in the absence of a remittitur. *McKenna v. State*, 247 S.W.3d 716, 719 (Tex. Crim. App. 2008). There was no evidence pertaining to these matters. On this record, a reasonable trial court could have concluded that equity did not require any remittitur of the bond amount. Appellant's sole issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

TERRY McCALL

August 23, 2012                                                JUSTICE

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

3