COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| | § | |
| RICHARD MERRILL MCCARTER d/b/a | | No. 08-13-00122-CV |
| MERRILL BAIL BONDS, | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | County Criminal Court at Law No. 3 |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 2012-CBF04223) |
| | § | |

## **O P I N I O N**

Appellant—surety of a criminal bond issued to principal Rafael Lopez in a probation revocation proceeding—seeks reversal of the trial court's bond forfeiture judgment, maintaining that the State's dismissal of the motion to revoke Lopez's probation following his death entitles Appellant to mandatory remittitur of bond. We affirm.

## **BACKGROUND**

Appellant posted bond in a probation revocation case for principal Lopez on January 29, 2012. Lopez failed to appear in court on April 3, 2012, and the trial court issued a judgment nisi. Appellant answered, requesting exoneration or, in the alternative, remittitur in the event that the State dismissed the case against Lopez. Lopez did not respond to the judgment nisi. The record reflects that on October 5, 2012, Lopez died.

In a letter following Lopez's death but preceding final judgment, the trial court stated that Appellant was not entitled to exoneration, since Lopez's death came after the judgment nisi. The trial court then issued a final judgment ordering forfeiture of the bond, assessing costs, and declaring that the principal and the surety were jointly and severally liable. Merrill appealed.

## DISCUSSION

In his sole issue on appeal, Appellant contends that TEX.CODE CRIM.PROC.ANN. art. 22.16(a)(West 2009), which provides for mandatory remittitur of a bond to the surety where "the case for which bond was given is dismissed[,]" entitles him to remission because the State dismissed its motion to revoke Lopez's probation upon his death.

At the outset, the State lodges two procedural objections with this Court. First, the State notes that Appellant failed to request a reporter's record be taken and sent to this Court. Where an appellant fails to file a reporter's record, we may "consider and decide those issues or points that do not require a reporter's record for a decision" after "first giving the appellant notice and a reasonable opportunity to cure . . . ." TEX.R.APP.P. 37.3(c). The official court reporter for the County Criminal Court at Law No. 3 of El Paso, Texas, stated in a letter that no reporter's records exist in this case. We notified counsel on both sides of the reporter's letter, and Appellant failed to request curative measures. As such, we have fulfilled our obligation to Appellant under TEX.R.APP.P. 37.3(c)(2), and we may proceed to the merits based on the evidence in the clerk's record, presuming that evidence that would have been contained in the reporter's record supported the trial court's judgment. *In re B.R.G.*, 37 S.W.3d 542, 544 n.6 (Tex.App.--El Paso 2001, no pet.).

Second, the State also notes that Appellant's brief suffers from several formal and substantive defects under TEX.R.APP.P. 38.1. Specifically, the State complains that Appellant

2

does not make any citations to the record in both the Statement of the Case section and the Statement of Facts section. *See* TEX.R.APP.P. 38.1(d)(statement of the case should be supported by record citations); TEX.R.APP.P. 38.1(g)(statement of facts should be supported by record references). The State also correctly points out that Appellant's brief fails to contain a summary of the argument section required by TEX.R.APP.P. 38.1(h). Finally, the State avers that Appellant's brief violates TEX.R.APP.P. 38.1(i) because the argument section fails to contain record references or citations to relevant authority. The State asks us to either read Appellant's entire argument as waived, or, in the alternative, strike the brief and order it to be redrawn. *See* TEX.R.APP.P. 38.9.

We agree that Appellant's brief does not comply with the formal requirements of the Rules of Appellate Procedure because it fails to include citations to the record in introductory provisions of the brief, and for failing to include a summary of the argument. However, although we concede that Appellant's substantive briefing is sparse, we find that it meets the requirements of TEX.R.APP.P. 38.1(i)—albeit barely—by providing us with enough information with which to process Appellant's claim. Counsel is reminded of the need to provide full yet clear and concise briefing on all issues presented to ensure the expeditious, efficient, and fair administration of justice.

We possess the power to order a brief redrawn where formal defects exists. TEX.R.APP.P. 38.9(a). However, we decline to exercise it here, as a redrawn brief would result in unnecessary delay and would not materially aid the Court in disposition of this cause. Having addressed the State's procedural points, we turn to Appellant's substantive points.

### Standard of Review and Applicable Law

Bond forfeiture proceedings are criminal cases reviewed under civil appellate rules.

3

TEX.CODE CRIM.PROC.ANN. art. 44.44 (West 2006); *Mendez v. State*, No. 03-12-00200-CV, 2013 WL 5914142, *2 (Tex.App.--Austin Oct. 25, 2013, no pet.)(mem. op.). The State bears the burden of proving forfeiture. *Kubosh v. State*, 241 S.W.3d 60, 63 (Tex.Crim.App. 2007). "The essential elements of the State's cause of action in a bond forfeiture proceeding are the bond and the judicial declaration of the forfeiture of the bond, which is the judgment nisi." *Id.* at 63.

"A judgment nisi is prima facie proof that the statutory requirements have been satisfied and the burden is on the defendant to affirmatively show otherwise." *Alvarez v. State*, 861 S.W.2d 878, 881 (Tex.Crim.App. 1992). Once the judgment nisi issues, "the defendant must then prove that one of the statutory requirements of the *judgment nisi* has not been satisfied . . . or prove one of the affirmative defenses specified by statute." *Spears v. State*, 381 S.W.3d 667, 669 (Tex.App.--Eastland 2012, no pet.)[Emphasis in orig.]. "A judgment nisi is a provisional judgment that is not final or absolute, but may become final." *Safety Nat'l Cas. Corp. v. State*, 273 S.W.3d 157, 163 (Tex.Crim.App. 2008). "Nisi means 'unless,' so a judgment nisi is valid unless a party shows cause why it should be withdrawn." *Id*. at 163. For purposes of the statute, "forfeiture" is taken at the time of the judgment nisi and not the final judgment. *Hernden v. State*, 505 S.W.2d 546, 548 (Tex.Crim.App. 1974).

Where forfeiture has not yet been taken (i.e. where the trial court has not yet issued a judgment nisi), the surety may raise the statutory defense of exoneration to absolve his liability on the bond. *See* TEX.CODE CRIM.PROC.ANN. art. 22.13(a)(West 2009); *Mendez*, 2013 WL 5914142, at *2 n.1. The principal's death prior to forfeiture is a valid ground for exoneration. TEX.CODE CRIM.PROC.ANN. art. 22.13(a)(2). Once the trial court issues the judgment nisi, a surety no longer qualifies for exoneration where the principal subsequently dies, *see Hernden*, 505 S.W.2d at 548. However, the surety may still obtain remittitur of all or part of the costs

4

under certain circumstances.  TEX.CODE CRIM.PROC.ANN. art. 22.16.  Where a "principal is released on new bail in the case or the case for which bond was given is dismissed[,]" the trial court must, upon written motion, remit the amount of the bond and its interest minus "the costs of court and any reasonable and necessary costs to the county for the return of the principal . . . ." TEX.CODE CRIM.PROC.ANN. art. 22.16(a).  Where a grant of new bail or dismissal has not occurred, the trial court maintains the discretion to remit the bond minus costs prior to final judgment for "good cause shown."  TEX.CODE CRIM.PROC.ANN. art. 22.16(b).

*Analysis*

The State construes Appellant's brief as raising two issues:  a challenge to the court's exoneration ruling, and a challenge to the trial court's implicit denial of remittitur.  In addressing the first point, the State argues that the trial court's ruling on the issue of exoneration was correct.  We agree.  Appellant could not be totally absolved of liability on the bond by virtue of Lopez's death post-forfeiture.  *Hernden*, 505 S.W.2d at 548.  To the extent Appellant argues otherwise, that point has been waived by inadequate briefing under TEX.R.APP.P. 38.1(i).[1] However, Appellant did raise the issue of remittitur in his live defensive pleading, asking for it in the event the State dismissed the case before rendition of final judgment.  As such, we must address Appellant's argument on this point.

The State contends that Appellant is not entitled to mandatory remission because the

---

[1] The entirety of Appellant's apparent briefing on the issue of exoneration is as follows:

> On January 22, 2013 the Honorable Carlos Villa, Judge of County Court at Law Number Five, of El Paso County Texas, presiding in this matter advised in writing the Court was of the opinion that Hernden vs. State of Texas, (505 SW2d 546) is controlling and therefore the Defendant-Surety had shown no grounds which exonerated Defendant-Surety from liability on the bond.
> The Court is incorrect in its ruling as the case the Court cites has nothing to do with the facts of the instant case . . . ."

Appellant then begins a disjunctive discussion on remittitur.

State only dismissed the motion to revoke probation, not the underlying criminal case against Lopez. Since the Code frames dismissal-contingent remittitur in terms of "cases" and not "motions," the State argues that Article 22.16(a) does not apply here, and thus Appellant could have obtain remission, if at all, only upon a showing of good cause. Appellant counters that the dismissal of the action prior to rendition of final judgment triggered his statutory right to mandatory remittitur, and that under the plain language of Article 22.16(a), the principal's death has no bearing on the question of remission.

We need not resolve this question. Assuming that the dismissal triggered Appellant's right to mandatory remittitur under Article 22.16(a), Appellant was only entitled to remission of bond minus "the costs of court and any reasonable and necessary costs to the county for the return of the principal . . . ." TEX.CODE CRIM.PROC.ANN. art. 22.16(a). The trial court's final judgment ordering forfeiture implicitly disposed of the remittitur claim raised in Appellant's defensive pleading. Because Appellant failed to file a reporter's record in this action even after being given an opportunity to cure, we must assume that whatever was contained in the reporter's record supported the trial court's implicit denial of mandatory remittitur on the basis that costs of court and to the county exceeded the amount of bond posted. *See In re B.R.G.*, 37 S.W.3d at 544 n.6 (absence of reporter's record triggers presumption that missing evidence supports trial court ruling). As such, we must uphold the trial court's ruling.

Issue One is overruled. The trial court's judgment is affirmed.


July 31, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.