ACCEPTED
041500148CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/20/2015 12:00:00 AM
KEITH HOTTLE
CLERK

**04-15-00148-CR**

**IN THE COURT OF APPEALS FOR THE
FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

7/20/2015 11:39:00 AM

KEITH E. HOTTLE
Clerk

_____

**RAYMOND MARTINEZ V. THE STATE OF TEXAS**

_____

**ON APPEAL FROM 175TH JUDICIAL DISTRICT COURT
OF BEXAR COUNTY, TEXAS**

**TRIAL CAUSE NO. 2010-CR-10065 / 2012-SF-00047**

**HONORABLE MARY D. ROMAN PRESIDING**

_____

**BRIEF FOR THE APPELLANT**

**RAYMOND MARTINEZ**

_____

**ANTHONY J. COLTON**
**State Bar No. 24064564**
**acolton@coltonlawfirm.com**
**301 FAIR AVE, SAN ANTONIO TX 78223**
**Phone: (210) 593-8717**
**Fax: (866) 367-6071**
**Attorney for the Appellant**

**ORAL ARGUMENT REQUESTED**

- i -

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 38.1(a) (2011), the parties to the suit are as follows:

**APPELLANT**

**Raymond Martinez,** is the appellant and was the surety/defendant in the trial court.

**APPELLEE**

**The State of Texas,** by and through the Bexar County District Attorney at 101 W. Nueva, 4th Floor, San Antonio, TX 78205

**TRIAL JUDGE**

**The Honorable Mary D. Roman Presiding Judge – 175th Judicial District Court**

**APPELLANT ATTORNEY**

**Anthony J. Colton**
301 Fair Ave
San Antonio, Texas 78223

**APPELLEE ATTORNEY**
Also served as trial attorney

**Nicolas A. LaHood**
Bexar County District Attorney
101 W. Nueva, 4th Floor
San Antonio, TX 78205

# TABLE OF CONTENTS

**Page(s)**

Identity of Parties and Counsel ...............................................................................ii

Table of Contents ...............................................................................................iii

Index of Authorities ..........................................................................................iv

Statement of Case..............................................................................................1

Statement Regarding Oral Argument ....................................................................1

Issues Presented ................................................................................................1

Statement of Facts.............................................................................................2

Summary of the Argument ..................................................................................4

Argument and Authorities ..................................................................................4

Conclusion and Prayer .......................................................................................8

Certificate of Service .........................................................................................10

Certificate of Compliance ...................................................................................10

# INDEX OF AUTHORITIES

**Page(s)**

### CASES

*Mendez v. State*, No. 03-12-00200-CV, 2013 Tex. App. LEXIS 13278, 2013 WL 5914142, (Tex.App.--Austin Oct. 25, 2013, no pet.)(mem. op.)................................4

*Kubosh v. State*, 241 S.W.3d 60, 63 (Tex.Crim.App. 2007).........................................5

*Alvarez v. State,* 861 S.W.2d 878, 881 (Tex.Crim.App. 1992) ...................................5

*Spears v. State*, 381 S.W.3d 667, 669 (Tex.App.--Eastland 2012, no pet.).................5

*Safety Nat'l Cas. Corp. v. State*, 273 S.W.3d 157, 163 (Tex.Crim.App. 2008)............5

*Hernden v. State*, 505 S.W.2d 546, 548 (Tex.Crim.App. 1974)...................................5

*Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 71 S.Ct. 624 (1951) ...6

*Burns v. State*, 861 S.W.2d 878 (Tex. Crim. App. 1993) ............................................7

### STATUTES

Tex. Code Crim Proc Art 22.13 ..............................................................................4, 7

U.S. Const. amend XIV .............................................................................................4

Tex. Const. art I, § 13, 19 ..........................................................................................4

Tex. Code Crim. Proc. Ann. art. 44.44.......................................................................4

Tex. Code Crim. Proc. Art 17.085 .............................................................................6

To the Honorable Fourth Court:

Now comes, Anthony J. Colton, and file this brief on behalf of Appellant Raymond Martinez.

## STATEMENT OF CASE

On February 13, 2012, a Judgment NISI was entered pending a showing of good cause against Jose Guerrero Beltran, as Principal, and Raymond Martinez, as surety, for failure of Jose Guerrero Beltran to appear for sentencing on January 9, 2012. (RR Vol 2, Pg 4).

On September 17, 2014, a hearing was held in the trial Court concerning the Bond Forfeiture based on the Judgment NISI. On February 17, 2015, the Court forfeited the bond and entered judgment for Twenty Thousand Dollars ($20,000).

This Appeal was subsequently filed.

## STATEMENT REGARDING ORAL ARGUMENT

Although the Defendant does not anticipate the issues in this case to be so complex as to require oral argument, the Defendant would request oral argument if the Court deems it would benefit from an oral presentation of the case.

## ISSUES PRESENTED

1) Whether a Defendant must be given notice of his Court setting.

2) Whether failure of the Court to provide sufficient notice of a Court setting is sufficient to exonerate a surety of their liability under an appearance bail bond.

- 1 -

## STATEMENT OF FACTS

The Court did not provide sufficient notice to Defendant of his trial setting of January 9, 2012, in order to provide the basis for forfeiting his bond.

1) The underlying criminal case against Jose Beltran in cause number 2010-CR-10065 was indicted in 2010.

2) On October 15, 2010, Mr. Beltran was released on a bond of Twenty Thousand Dollars ($20,000) with Mr. Raymond Martinez as the Surety.

3) Between 2010 and 2011, Mr. Beltran had numerous Court settings at which he appeared with his attorney, Raymond Martinez.

4) On August 26, 2011, the District Clerk of Bexar County mailed two postcards, as was customary in Bexar County at the time, one mailed to Mr. Beltran, notifying him of his Court date on October 31, 2011, at 9:30am in th 175th Judicial District Court. The second postcard was mailed to Mr. Raymond Martinez on that same date notifying him of the same Court date.

5) Due to a conflict in scheduling, Mr. Martinez contacted the Court and received permission to come to Court with Mr. Beltran on the following day, November 1, 2011.

6) On November 1, 2011, Mr. Beltran appeared with Mr. Martinez. Mr. Beltran decided to accept a plea bargain agreement on his case and entered a plea before the Court that same day.

2

7) In order to provide time for probation to prepare a presentence investigation report, the sentencing of Mr. Beltran was delayed by the court until December 5, 2011, at 1:30pm.

8) Mr. Martinez and Mr. Beltran signed a copy of the Case Setting Form, stating that they acknowledged receipt of the setting on December 5, 2011, at 1:30pm. The form also noted that the case was set for "PSI" on that day.

9) On December 5, 2011, Mr. Martinez and Mr. Beltran appeared as had been previously ordered, however, they were informed by the Court staff that the PSI docket was being cancelled for that day and would be reset for some future date. No reset form was provided and the future sentencing date was not provided by the Court at that time either verbally or in writing.

10) Some time after that, Mr. Martinez received a telephone call that the sentencing was being reset for January 9, 2012. No card or written communication was provided. (RR Vol 1, Pg 19). The Clerk, in her testimony, also confirmed that no written notice was sent to Mr. Beltran. (RR Vol 1, Pg 15).

11) It is not, and was not customary at the time, for the Bexar County clerks to call Defendants to notify them of their Court dates.

12) Mr. Martinez attempted to contact Mr. Beltran by phone, but was not successful in contacting Mr. Beltran in order to provide him notice of the

3

January 9, 2012, Court setting. Although the case was reset a couple of times thereafter, no notices were sent to Mr. Beltran to provide the basis for forfeiting his bond.

## Summary of Argument

If no actual notice of a Court setting is required in order to qualify for exoneration of the appearance bond under Tex. Code Crim Proc Art 22.13 as ruled by the trial Court in this case, then the bond is void as unconstitutional under the 14th amendment of the United States Constitution as well as under the Texas Constitution Article I, Sections 13 and 19 as a violation of Due Process and the Surety cannot be held liable for the bond forfeiture when a criminal Defendant does not appear at a Court setting of which he has no notice.

## Argument

*Standard of Review*

Bond forfeiture proceedings are criminal cases reviewed under civil appellate rules. Tex. Code Crim. Proc. Ann. art. 44.44 (West 2006); *Mendez v. State*, No. 03-12-00200-CV, 2013 Tex. App. LEXIS 13278, 2013 WL 5914142, (Tex.App.--Austin Oct. 25, 2013, no pet.)(mem. op.). The State bears the burden of proving forfeiture. *Kubosh v. State*, 241 S.W.3d 60, 63 (Tex.Crim.App. 2007).

"The essential elements of the State's cause of action in a bond forfeiture proceeding are the bond and the judicial declaration of the forfeiture of the bond, which is the judgment nisi." *Id*. at 63. "A judgment nisi is prima facie proof that the statutory requirements have been satisfied and the burden is on the defendant to affirmatively show otherwise." *Alvarez v. State,* 861 S.W.2d 878, 881 (Tex.Crim.App. 1992). Once the judgment nisi issues, "the defendant must then prove that one of the statutory requirements of the judgment nisi has not been satisfied . . . or prove one of the affirmative defenses specified by statute." *Spears v. State*, 381 S.W.3d 667, 669 (Tex.App.--Eastland 2012, no pet.). "A judgment nisi is a provisional judgment that is not final or absolute, but may become final." *Safety Nat'l Cas. Corp. v. State*, 273 S.W.3d 157, 163 (Tex.Crim.App. 2008)."Nisi means 'unless,' so a judgment nisi is valid unless a party shows cause why it should be withdrawn." *Id*. at 163. For purposes of the statute, "forfeiture" is taken at the time of the judgment nisi and not the final judgment. *Hernden v. State*, 505 S.W.2d 546, 548 (Tex.Crim.App. 1974).

*Argument*

Notice and an opportunity to be heard is one of the essential requirements of due process under the Fourteenth amendment of the United States Constitution. *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 71 S.Ct. 624 (1951).

5

With this in mind it would seem obvious that notice of a court setting is required prior to revoking the bond of a Defendant.

The very basis of the appearance bond system is that a Defendant posts a certain amount of money in exchange for a promise to return to court when ordered. Chapter 17 of the Texas Code of Criminal Procedure reads, "The clerk of a court that does not provide online Internet access to that court's criminal case records **SHALL** post in a designated public place in the courthouse notice of a prospective criminal court docket setting as soon as the court notifies the clerk of the setting." Tex. Code Crim. Proc. Art 17.085. (emphasis added). At the time of the January 9, 2012, setting, which is the basis of the Judgment NISI, the Bexar County court dockets were not available online. There was not a designated public place in the courthouse where settings were posted. The practice of the Bexar County clerk was to send a notice in the mail to Defendant's notifying them of upcoming settings. (RR Vol 1, Pg 11). However, for whatever reason, that was not done in this case. (RR vol 1, Pg 11)

The State argued that no actual notice was required and that since there was no evidence of uncontrollable circumstances as required under Section 3 of Article 22.13, that the surety was not eligible for exoneration of the bond . (RR Vol 1, Pg 29). However, if no actual notice is, in fact, required under Tex. Code Crim Proc Art 22.13 of a Court setting, then the bond would necessarily be void as

6

unconstitutional under the 14th amendment of the United States Constitution as well as under the Texas Constitution Article I, Sections 13 and 19. *Burns v. State*, 861 S.W.2d 878 (Tex. Crim. App. 1993). If the bond is, therefore, invalid, then exoneration of the bond is required under Section 1. Tex. Code Crim Proc Art 22.13.

The State's argument, in fact, undermines the entire bail system, as the paying of a bond is couched on appearing in court. Failing to provide notice to the Defendant of a court date would completely undermine that entire system.

In Bexar County, the normal method of providing service is for the District Clerk to mail the notice. As stated by Ms. Gloria Tamayo, who worked in the Bexar County District Clerk's office at the time, that did not happen in this case. (RR Vol 1, Pg 11). The State intimates that maybe the clerk tried to call the defendant. (RR Vol 1, Pg 30). Being as that is not the normal operating procedures for the office and the impossibility of calling thousands of defendants on a monthly basis, the idea that the clerk would have tried to give notice to the defendant by phone is merely laughable. By the Clerk's own admission, the Defendant was not provided any notice of the January 9, 2012, setting.

*Application*

Both the Texas and United States Constitutions demand that a Defendant be provided due process. Failure to provide notice of a Court hearing and then

7

punishing a Defendant for failing to appear at that hearing does not meet that requirement. The Court could have easily remedied this oversight by setting a hearing on the case prior to issuing the Judgment NISI and sending the required notice to Defendant. Had this been done, then the Defendant would have no excuse for not appearing. However, that is not what was done in this case. In this case, the Defendant appeared at every setting for which he received notice. After cancelling the Defendant's sentencing hearing, the Court rescheduled the hearing date, but did not provide notice to the Defendant. Upon his failure to appear at the hearing for which he did not receive notice, the Court issued a Judgment NISI in violation of Defendant's due process rights. The failure to provide Defendant with his due process rights made the bond invalid and, therefore, requires exoneration of the surety.

## CONCLUSION AND PRAYER

The Trial Court clearly abused it's discretion by violating Defendant's Due Process rights. This violation invalidated the bond and required exoneration. WHEREFORE, PREMISES CONSIDERED, the Appellant submits that the judgment of the trial court should, in all things, be REVERSED and the $20,000 bond paid by Appellant in order to appeal the Trial Court's erroneous decision should be returned.

Respectfully submitted,

 /S/  Anthony J. Colton     .
Anthony J. Colton
State Bar No. 24064564
301 Fair Ave
San Antonio, Texas 78223
Phone: (210) 593-8717
Fax: (866) 367-6071
*Attorney for the Appellant*
*Raymond Martinez*

## CERTIFICATE OF SERVICE

I, Anthony Colton, Attorney for Appellant, hereby certify that a true and correct copy of the above and forgoing brief was mailed to the Bexar County District Attorney's Office on or about this the 27th day of July, 2015.

/S/  Anthony J. Colton     .
Anthony Colton
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

I, Anthony Colton, Attorney for Appellant, hereby certify that this Appellate brief in within the word limitations described in Rule 9.4(i) of the Texas Rules of Appellate Procedure having a total of 1623 computer generated words excluding the portions specifically excepted by the above cited rule.

/S/  Anthony J. Colton     .
Anthony Colton
Attorney for Appellant