

# NUMBERS
## 13-14-00645-CR
## 13-14-00647-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **WILLAMSBURG NATIONAL INSURANCE CO. d/b/a EL PADRINO BAIL BONDS,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the County Court at Law No. 3 of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Garza, Benavides and Longoria**
**Memorandum Opinion by Justice Garza**

In each of these cases, appellant, Williamsburg National Insurance Company d/b/a

El Padrino Bail Bonds ("appellant" or "the surety"), appeals from a judgment forfeiting a

bail bond.[1]  Appellant raises the same issues in both cases:  (1) the trial court erred in consolidating similar forfeiture cases[2];  (2) the trial court erred in abating two cases and allowing the State to file motions in the abated cases; (3) the trial court abused its discretion by failing to obtain proof of citation in compliance with article 22.05 of the code of criminal procedure, *see* TEX. CODE CRIM. PROC. ANN. art. 22.05 (West, Westlaw through 2015 R.S.); and (4) the trial court erred in granting judgment without evidence that the defendant principal was properly served.  In appellate cause number 13-14-645-CR, we reverse and remand.[3]  In appellate cause number 13-14-647-CR, we affirm the trial court's judgment.[4]

## I. BACKGROUND

Appellant is a bail bondsman who issued bail bonds for the principals in these two cases.  In each case, the principal failed to appear.  The State initially filed a combined motion for default judgment against the principal and motion for summary judgment against appellant in each case.  Appellant made various objections to the State's motion which were discussed at a joint hearing on August 5, 2014.  The State subsequently

---

[1] Although the parties are the same in each case, the principals and bond amounts differ.  Because appellant has raised identical issues in each case, we address them in one opinion.

[2] A third case, trial court cause number 2013-CCL-732, and a fourth case, trial court cause number 2013-CCL-864, are not involved in this appeal.

[3] Appellate cause number 13-14-645-CR is trial court cause number 2013-CCL-1381-C, styled *The State of Texas v. Jose Juan Bernal-Mares; El Padrino Bail Bonds; Williamsburg National Insurance Company* in County Court at Law No. 3 in Cameron County, Texas.

[4] Appellate cause number 13-14-647-CR is trial court cause number 2012-CCL-01400-C, styled *The State of Texas v. El Padrino Bail Bonds; Gabriel Morales, Jr.; Williamsburg National Insurance Company* in County Court at Law No. 3 in Cameron County, Texas.  On October 16, 2015, appellant filed a motion to remand appellate cause number 13-14-647-CR.  On November 4, 2015, the State filed a response to appellant's motion.  After reviewing the parties' arguments, we find appellant's motion to remand to be without merit and we deny it.

abandoned its motion and filed (or intended to file) a motion for traditional and no-evidence summary judgment in each case. The trial court held a second joint hearing on September 23, 2014. At the second hearing, the State argued that it was entitled to summary judgment against the principal and the surety (appellant) in each case. On October 2, 2014, the trial court granted the State's motion in each case.[5]

## A. Cause Number 13-14-645-CR

In appellate cause number 13-14-545-CR, appellant was the surety on a $1,000 bond for principal Juan Bernal-Mares. In its brief, the State concedes that, due to an "unintentional omission," its motion for traditional and no-evidence summary judgment was not filed in this case. The State recognizes that this omission may be "reversible error" and requests that we consider reversal of the judgment and remand for a new trial. We agree with the State. Granting a summary judgment on a claim not addressed in a summary judgment motion is, as a general rule, reversible error. *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011). Accordingly, we reverse the judgment in appellate cause number 13-14-645-CR and remand that cause to the trial court for further proceedings.

## B. Cause Number 13-14-647-CR

In appellate cause number 13-14-647-CR, appellant was the surety on a $5,000 bail bond for principal Gabriel Morales. The State filed a traditional and no-evidence motion for summary judgment on August 25, 2014. In the traditional section of its motion, the State argued that it had met its burden of proving forfeiture by showing that (1) a bond

---

[5] In appellate cause number 13-14-645-CR, the trial court rendered judgment against the principal, Juan Bernal-Mares, and appellant in the amount of $1,000 plus costs. In appellate cause number 13-14-647-CR, the trial court rendered judgment against the principal, Gabriel Morales, and appellant in the amount of $5,000 plus costs.

3

was executed between the principal and appellant, (2) the principal failed to appear, and (3) a judgment nisi was issued. As summary judgment evidence, the State attached a certified copy of the bond and a certified copy of the judgment nisi. The trial court granted summary judgment and this appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Bond forfeiture proceedings are criminal cases reviewed under civil appellate rules. TEX. CODE CRIM. PROC. ANN. art. 44.44 (West, Westlaw through 2015 R.S.); *McCarter v. State*, 442 S.W.3d 655, 658 (Tex. App.—El Paso 2014, no pet.); *see Castaneda v. State*, Nos. 13-06-00039-CV, 13-06-00127-CV, 13-06-00128-CV, 2008 WL 2744582, at *2 (Tex. App.—Corpus Christi June 30, 2008, no pet.) (mem. op.). "In a bail bond forfeiture, the State has the burden of proof." *Kubosh v. State*, 241 S.W.3d 60, 63 (Tex. Crim. App. 2007). "The essential elements of the State's cause of action in a bond forfeiture proceeding are the bond and the judicial declaration of the forfeiture of the bond, which is the judgment nisi." *Id.* (quoting *Alvarez v. State*, 861 S.W.2d 878, 880–81 (Tex. Crim. App. 1992)).

> "A judgment nisi is prima facie proof that the statutory requirements have been satisfied and the burden is on the defendant to affirmatively show otherwise." *Alvarez v. State*, 861 S.W.2d 878, 881 (Tex. Crim. App. 1992). Once the judgment nisi issues, "the defendant must then prove that one of the statutory requirements *of the judgment nisi* has not been satisfied . . . or prove one of the affirmative defenses specified by statute." *Spears v. State*, 381 S.W.3d 667, 669 (Tex. App.—Eastland 2012, no pet.) ([e]mphasis in orig.).

*McCarter*, 442 S.W.3d at 658.

## III. DISCUSSION

By its first issue, appellant argues that the trial court erred in consolidating the three cases before it. Appellant argues that the trial court was "hearing one set of facts

4

and then applying those facts to other folks." The State responds that the cases were never consolidated. We agree. Appellant appears to concede this fact by stating, "[s]eemingly, it is a consolidation, however, in reality, it is not." Moreover, appellant's arguments at both hearings were legal arguments.[6] The record does not reflect that the trial court heard one set of facts and applied it to others. We overrule appellant's first issue.

By its second issue, appellant complains that the trial court erred in abating the cases, but then permitted the State to file its motion for summary judgment in the abated cases. The State responds that there was no abatement of the present case because the record reflects that the trial court stated that "all of these cases will be carried together." Again, we agree with the State.

At the end of the August 5, 2014 hearing, the parties argued over whether a jury trial was available to appellant and what constituted proper service to the principal. The trial court requested additional briefing on those issues and instructed both parties to file additional briefing in only one of the cause numbers. The following exchange occurred:

[The State]: And do we just want to pick one cause number to have these matters?

[The Court]: I think so. If you want to—I mean, I'm thinking just emails, you know, back and forth where we CC everybody so that everybody gets it, but if you want to put somewhere in there that this, you know, will also effect the decisions of cause number, cause number, cause number, cause number.

[State]: Okay.

[Court]: But this is in direct response to this case. We'll go ahead and abate all other cases where this is going to be the same

---

[6] At the end of the September 23, 2014 hearing, appellant noted that there were changed circumstances in two of the cases because the principals were brought into custody.

5

argument until we settle this, and then we'll be able to proceed with the rest of them.

[Appellant]: Got it.

[Court]: So the rest of the cases will be abated until we make a decision on this.

[Appellant]: I understand.

[Court]: Is that—do you have any problem with that?

[State]: Well, I think I can fix the matter with the summary judgment issue. If this really is their objection to the existence of a default and a summary, I can just amend all the summary judgments to be a single summary judgment motion as to both parties and that brings us back here arguing the issues again.

. . . .

[Court]: Here it is. Okay. Then you don't have to file your briefs in each case. Just file it on the first one, but understand that all of these cases will be carried together.

We agree with the State that although the trial court stated that the cases would be "abated," the court clearly intended only that the cases be "carried together" until the legal issues applicable to all the cases were resolved. Significantly, after the State announced its intention to file amended motions for summary judgment in each case, appellant did not object on the ground that the cases were abated. Similarly, at the beginning of the September 23, 2014 hearing, appellant reminded the trial court that it had "reset all four cases." Appellant also advised the trial court that "what's also pending is their [the State's] new motions for summary judgment." Appellant raised no objection to the State's filing motions for summary judgment in the cases. As a general rule, the record must show that a complaint made on appeal was timely made to the trial court "with sufficient specificity to make the trial court aware of the complaint, unless the specific

6

grounds were apparent from the context[.]" TEX. R. APP. P. 33.1; *Weeks v. State*, 396 S.W.3d 737, 741 (Tex. App.—Beaumont 2013, pet. ref'd). Because appellant did not object to the State filing its motions for summary judgment, it has failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1. We overrule appellant's second issue.

By its third issue, appellant complains that: (1) there was insufficient evidence to show that the principal was served in compliance with article 22.05 of the code of criminal procedure, *see* TEX. CODE CRIM. PROC. ANN. art. 22.05, and (2) the trial court permitted "the use of hearsay evidence" at the summary judgment hearing to show that the principal was served.

We first address appellant's argument that "hearsay evidence" was used to show that the principal was properly served.[7] At the September 23, 2014 hearing, appellant's counsel made the following argument:

> But nonetheless, another issue is what we now have is the state coming in and saying, I'm providing testimony that we served this person and that we found his last known address and that somebody in my office sent him a letter or went by his house, none of that's attached anywhere as evidence in their motion for summary judgment.
>
> . . . .
>
> We're just—we don't even have testimony or evidence that these people were served. It's just the prosecutor saying, We did.

At no time did appellant's counsel raise a hearsay objection. To preserve error for appellate review, the complaining party must timely and specifically object to the evidence and obtain a ruling. TEX. R. APP. P. 33.1(a); *Bay Area Healthcare Grp., Ltd. v. McShane*,

---

[7] At the August 5, 2014 hearing, appellant's counsel objected to a copy of a computer clerk's entry stating that the principal had been served as "hearsay," but no ruling was obtained from the trial court.

239 S.W.3d 231, 235 (Tex. 2007). Appellant therefore failed to preserve this issue for review. *See* TEX. R. APP. P. 33.1.

Appellant also argues that the trial court abused its discretion by failing to obtain proof of citation in compliance with article 22.05. Article 22.05 provides, in pertinent part,

> It shall not be necessary to give notice to the defendant [principal] unless he has furnished his address on the bond, in which event notice to the defendant shall be deposited in the United States mail directed to the defendant at the address shown on the bond or the last known address of the defendant.

TEX. CODE CRIM. PROC. ANN. art. 22.05. Here, the clerk's record contains a copy of the citation mailed to Morales, the principal, at the address provided on the bond. The clerk's record further contains a copy of the returned envelope addressed to Morales marked "Return to Sender Attempted–Not Known Unable to Forward." The trial court was entitled to take judicial notice of its file in order to show that the documents in the file are a part of the court's files.[8] *See In re C.S.*, 208 S.W.3d 77, 81 (Tex. App.—Fort Worth 2006, pet. denied) ("It is appropriate for a court to take judicial notice of a file in order to show that the documents in the file are a part of the court's files, that they were filed with the court on a certain date, and that they were before the court at the time of the hearing"). We conclude there was sufficient evidence to show proof of citation in compliance with article 22.05. *See* TEX. CODE CRIM. PROC. ANN. art. 22.05.

By his fourth issue, appellant appears to restate its argument in its third issue: that the evidence is insufficient to show that the principal was properly served. We have

---

[8] The State requested that the trial court take judicial notice of the documents in its file, and we assume that it did so.

8

already rejected appellant's argument.  For the reasons stated above, we overrule appellant's fourth issue.[9]

## IV. CONCLUSION

In appellate cause number 13-14-647-CR, we affirm the trial court's judgment.  In appellate cause number 13-14-645-CR, we reverse the trial court's judgment and remand the cause for further proceedings.

Dori C. Garza
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of November, 2015.

---

[9] In one section addressing this issue, appellant asserts that "this is a default summary judgment." We disagree.  The State initially submitted a combined motion for default judgment and motion for summary judgment (discussed at the August 5, 2014 hearing).  The State abandoned that motion and submitted its motion for traditional and no-evidence summary judgment (addressed at the September 23, 2014 hearing).