

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

## No. 02-20-00016-CR
_____

EDGAR FLORES-GARNICA, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 5
Denton County, Texas
Trial Court No. CR-2018-06700-E

Before Sudderth, C.J.; Womack and Wallach, JJ.
Opinion by Justice Wallach

# OPINION

A jury convicted Appellant Edgar Flores-Garnica of driving while intoxicated (DWI), and the trial court sentenced him to 120 days' confinement, probated for fifteen months, plus a $600 fine. In two issues, Flores-Garnica challenges the sufficiency of the evidence supporting his conviction and the trial court's refusal to include a Rule 201(f) limiting instruction in the jury charge. *See* Tex. R. Evid. 201(f). Because the evidence sufficiently supports the verdict and the trial court did not err, we affirm.

## I. Background

Close to midnight on Father's Day in 2018, in the 300 block of East Business Highway 121 in Lewisville, Texas, a police officer saw a Polaris Ranger all-terrain vehicle (ATV) "rush into" a convenience store parking lot. The driver, Flores-Garnica, ran into the store, came out with a twelve-pack of beer, got in the ATV, and reversed out of the parking spot "in a very alarming manner." Then he sped off down the street[1] in the direction of the adjacent mobile home park. Warning signs marked the entrance to the mobile home park as private property.

The officer followed Flores-Garnica into the mobile home park, the roads of which contained speed bumps and stop lines. Stop signs marked some of the roads' intersections. The officer eventually stopped Flores-Garnica in the mobile home park,

---

[1]Flores-Garnica maintains that this was an adjacent private drive; the State calls it a roadway.

smelled alcohol on his breath, conducted field sobriety tests, and arrested him. During their encounter, Flores-Garnica stated that the ATV was not a motor vehicle.

The trial focused on whether the ATV was a motor vehicle under the DWI statute. *See* Tex. Penal Code Ann. §§ 49.01(3), 49.04(a); *see also id.* § 32.34(a) ("'Motor vehicle' means a device in, on, or by which a person or property *is or may be* transported or drawn on a *highway*, except a device used exclusively on stationary rails or tracks.") (emphasis added). The officer testified that

- The ATV was a motor vehicle.

- The ATV was a utility vehicle with four tires and two seats.

- The ATV was designed to propel itself.

- The ATV was designed for off-highway use.

- The ATV did not have a license plate and was not insured.

- Off-highway vehicles are not generally permitted on Texas highways.

- Chapter 663 of the Transportation Code provides some exceptions.

- The ATV could be used to transport people or property on a highway.

- A surface street can be a highway.

- To drive from the convenience store parking lot to the mobile home park, one must "travel on a roadway."

- The ATV was operating on a public roadway.

- The street leading to the mobile home park was unnamed because it was the entry to the mobile home park.

- The mobile home park was not open to the public because of the no-trespassing signs at its entry.

3

The trial court admitted videos of the officer's body cam and dash cam (State's Exhibits One and Two) that show the ATV. The trial court also admitted as demonstrative aids Defendant's Exhibits A, B, and C, which contain pictures of similar ATVs.

The trial court judicially noticed several Transportation Code statutes in effect at the time of the offense—Sections 502.001(1), (18), (37); 663.001(1)(b), (4); and 663.037[2] at the State's request and Sections 502.059, 504.943, and 601.051 at Flores-Garnica's request. Also at the parties' request, the trial court read all the judicially noticed sections to the jury except Section 663.037, provisions of which the trial court admitted in evidence over Flores-Garnica's objections. The trial court also admitted in evidence a publication from the Texas Comptroller of Public Accounts offered by Flores-Garnica. Section 663.037 provides the general rule that off-highway vehicles such as ATVs are not allowed on public roadways as well as exceptions to that rule.

[2]Former Section 663.037 of the Transportation Code, which governed operation of ATVs on highways at the time of Flores-Garnica's June 2018 offense, has since been amended in part, repealed in part, and redesignated. *See* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, sec. 663.037, 1995 Tex. Gen. Laws 1025, 1778, *amended by* Act of May 16, 2001, 77th Leg., R.S., ch. 472, § 2, sec. 663.037(d)–(f), 2001 Tex. Gen. Laws 912, 912, *amended by* Act of May 22, 2003, 78th Leg., R.S., ch. 483, § 1, sec. 663.037(e)–(g), 2003 Tex. Gen. Laws 1748, 1748–49, *amended by* Act of May 10, 2007, 80th Leg., R.S., ch. 242, § 1, sec. 663.037(d), (d-1), 2007 Tex. Gen. Laws 350, 350, *amended by* Act of May 19, 2017, 85th Leg., R.S., ch. 125, § 1, sec. 663.037(d), (g), 2017 Tex. Gen. Laws 268, 268, *and* Act of May 24, 2017, 85th Leg., R.S., ch. 1052, § 20, sec. 663.037(a)–(d), (f)–(g), 2017 Tex. Gen. Laws 4120, 4123–24 (repealed in part, redesignated in part, and amended 2019) (current version at Tex. Transp. Code Ann. §§ 551A.034, .051, .057–.059). All references to Section 663.037 in this opinion are to the version in effect at the time of Flores-Garnica's offense.

Tex. Transp. Code Ann. § 663.037. The comptroller's publication states that ATVs are "designed for use off public streets and highways" and "are not manufactured to meet motor vehicle registration and safety inspection standards."

Flores-Garnica requested the trial court to instruct the jury in the charge that it could choose to accept or reject the noticed statutes as conclusive. *See* Tex. R. Evid. 201(f). The trial court denied the instruction, noting that Rule 201 governs judicial notice only of adjudicative facts, not of legislative facts. *See* Tex. R. Evid. 201(a). Flores-Garnica complained at trial that the trial court's failure to instruct the jury as requested established for the jury that the statutes were conclusive evidence, constituted a comment on the weight of the evidence, and violated his rights to due process. The trial court reaffirmed its denial of the Rule 201(f) limiting instruction.

## II. Sufficiency of the Evidence

In his first issue, Flores-Garnica contends that the evidence is insufficient to sustain his DWI conviction because it does not show beyond a reasonable doubt that he was operating a "motor vehicle."

### A. Standard of Review

In our evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the crime's essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). When a sufficiency issue turns on the meaning of the statute under

which the defendant was prosecuted, we review the statutory construction issue de novo. *Flores v. State*, No. PD-0064-20, 2021 WL 1204496, at *2 (Tex. Crim. App. Mar. 31, 2021); *Liverman v. State*, 470 S.W.3d 831, 836 (Tex. Crim. App. 2015); *see also State v. Bolles*, 541 S.W.3d 128, 138–39 (Tex. Crim. App. 2017); *Prichard v. State*, 533 S.W.3d 315, 319–20 (Tex. Crim. App. 2017) (reciting principles of statutory construction). When determining the sufficiency of the evidence to support a verdict, reviewing courts must not use definitions of relevant statutory words that are different or more restrictive than "common parlance" definitions that jurors themselves were legally entitled to use. *Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992) ("Words not specially defined by the Legislature are to be understood as ordinary usage allows, and jurors may thus freely read statutory language to have any meaning which is acceptable in common parlance."); *see Green v. State*, 476 S.W.3d 440, 447 (Tex. Crim. App. 2015).

## B. Substantive Law

"A person commits [DWI] if the person is intoxicated while operating a motor vehicle in a public place." Tex. Penal Code Ann. § 49.04(a). "Motor vehicle," as used in Penal Code Section 49.04, "has the meaning assigned by Section 32.34(a)." *Id.* § 49.01(3). Thus, for our purposes, a motor vehicle is "a device in, on, or by which a person or property is or may be transported or drawn on a highway, except a device used exclusively on stationary rails or tracks." *Id.* § 32.34(a). "Highway" is not defined in the Penal Code. *Hardy v. State*, 281 S.W.3d 414, 421 n.14 (Tex. Crim. App. 2009).

6

"In common usage, 'highway' is an area that has been modified so that it may be used for vehicular travel." *Id.* at 423. However, a parking lot is not a highway. *Rouse v. State*, 651 S.W.2d 736, 738 (Tex. Crim. App. [Panel Op.] 1982); *Short v. State*, No. 05-99-01909-CR, 2000 WL 1738389, at *3 (Tex. App.—Dallas Nov. 27, 2000, no pet.) (not designated for publication).

### C. Analysis and Resolution

Flores-Garnica does not challenge the sufficiency of the evidence that he drove while intoxicated in a public place, *see* Tex. Penal Code Ann. § 49.04(a), and we hold the evidence sufficient to support those DWI elements: the arresting police officer testified that Flores-Garnica was driving; the forensic scientist who analyzed Flores-Garnica's blood testified that his blood-alcohol concentration was .135, well above the legal intoxication limit of .08; and the police officer testified that the store parking lot and the mobile home park were both public places, *see id.* § 1.07(a)(40); *York v. State*, 342 S.W.3d 528, 537 & n.29 (Tex. Crim. App. 2011). As Flores-Garnica concedes, the only contested element at trial was the only element he now challenges on appeal: whether the State sufficiently proved that the ATV was a motor vehicle under the DWI statute.

Flores-Garnica contends that he was operating an ATV on a private road and that no rational juror could find that the ATV was on a highway or that it was legally authorized to be on a highway; thus, no rational juror could find that he was operating a motor vehicle. The State responds that a rational jury could find that the ATV was a

7

motor vehicle under the plain meaning of the "is or may be" language in the statutory definition of "motor vehicle" and that the ATV was capable of being driven on a highway. That the law must permit the ATV to be driven on a highway, the State contends, should not be a requirement of the motor-vehicle definition. Alternatively, the State argues that the evidence is sufficient to support the finding that the ATV is a motor vehicle because the evidence shows that Flores-Garnica drove on a public street, which satisfies the highway element, and because Flores-Garnica conceded in his brief that if he operated the ATV on a highway, then the ATV would be a motor vehicle.

Without citing any authority, Flores-Garnica strictly defines "may" in the motor-vehicle definition to mean "is lawfully authorized to" as opposed to "is physically capable of." Absent exceptions not applicable here, drivers cannot now and could not at the time of Flores-Garnica's arrest legally drive ATVs on Texas highways. Tex. Transp. Code Ann. § 663.037. Thus, Flores-Garnica contends that the ATV he drove could have been a motor vehicle only if he actually drove it on a highway at the time of the offense, and he argues that he did not because he was in a private parking lot and on a private road. We reject Flores-Garnica's narrow construction of the statute.

Even if we were to accept that the roads Flores-Garnica drove on between the store's parking lot and the location of his arrest in the mobile home park were not

8

highways,[3] the State still sufficiently proved that the ATV was a motor vehicle for purposes of the DWI statute. In addition to defining *may* as "have permission to," which is closest to Flores-Garnica's proposed definition, the *Merriam Webster Dictionary* first notes that *may* is "used to indicate possibility or probability." https://www.merriam-webster.com/dictionary/may (last visited May 10, 2021). The dictionary later notes that *may*'s archaic meaning is "have the ability to." *Id.* According to the dictionary, when used as an auxiliary, *may* "express[es] purpose or expectation" or "a wish or desire." *Id.* Finally, in law *may* sometimes means "shall" or "must." *Id.*; *see* Tex. Gov't Code Ann. § 311.016(5) ("'May not' imposes a prohibition and is synonymous with 'shall not.'"); *Garner v. State*, 523 S.W.3d 266, 277 (Tex. App.—Dallas 2017, no pet.).

The jury was free to read *may* to indicate possibility. *See Vernon*, 841 S.W.2d at 409. The evidence, including the videos, demonstrates that the ATV could transport a person and property on a highway and that it was not exclusively used on stationary rails or tracks. Specifically, the evidence shows that Flores-Garnica drove the ATV to the store for beer and then drove it to the mobile home park on roads. We therefore hold the evidence sufficient to support the jury's finding that the ATV was a motor vehicle. *See Carter v. State*, No. 05-02-00504-CR, 2003 WL 1544216, at *2 (Tex. App.—

---

[3]State's Exhibit One, the dash cam video, shows that the mobile home park's roads on which Flores-Garnica drove had "been modified . . . for vehicular travel," meeting *Hardy*'s "common usage" definition of highway. *Hardy*, 281 S.W.3d at 423.

Dallas Mar. 26, 2003, no pet.) (not designated for publication) (holding bulldozer was a motor vehicle because it could carry a person or property on a highway and was not exclusively used on stationary rails and tracks).

As the State points out, to hold otherwise would allow intoxicated persons to drive vehicles that are not "street legal" in public places that are not highways with impunity, rendering the "public place" element of the DWI statute meaningless. It would also thwart the policy of DWI laws, which "is to prevent the carnage caused by drunk drivers—fatalities, serious injuries and property damage." *Hanna v. State*, 426 S.W.3d 87, 96 (Tex. Crim. App. 2014) (cleaned up). Flores-Garnica's fear that under the State's (and our) interpretation of the "motor vehicle" definition, an intoxicated person driving a golf cart on an open deer lease would be guilty of DWI ignores the "public place" element of the DWI statute. *See* Tex. Penal Code Ann. § 49.04(a). Only if the deer lease were found to be a public place and the other statutory elements were satisfied would the intoxicated driver be committing DWI. *See id.*

Having held the evidence sufficient to support Flores-Garnica's conviction, we overrule his first issue.

### III. Denial of Rule 201(f) Limiting Instruction

In his second issue, Flores-Garnica complains about the trial court's denial of a jury instruction under Rule 201(f) of the Texas Rules of Evidence. He contends that the trial court erred by not instructing the jury that it could choose whether to accept

10

the judicially noticed Transportation Code statutes as conclusive. *See* Tex. R. Evid. 201(f).

## A. Standard of Review

We must review "all alleged jury-charge error . . . regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In reviewing a jury charge, we first determine whether error occurred; if not, our analysis ends. *Id.*

## B. Substantive Law

Generally, Rule 201 of the Texas Rules of Evidence governs judicial notice of adjudicative facts, not legislative facts. Tex. R. Evid. 201(a); *Kubosh v. State*, 241 S.W.3d 60, 64 (Tex. Crim. App. 2007); *see Watts v. State*, 99 S.W.3d 604, 612 n.28 (Tex. Crim. App. 2003). "[L]egislative facts . . . have relevance to overall legal reasoning and the lawmaking process, are not usually proven by evidence[,] and are not governed by Rule 201." *Kubosh*, 241 S.W.3d at 64. They help the court determine the law's content and "'to exercise its judgment or discretion in determining what course of action to take.'" *In re Graves*, 217 S.W.3d 744, 750 (Tex. App.—Waco 2007, orig. proceeding) (quoting Steven Goode et al., *Guide to the Texas Rules of Evidence* § 201.1 (3d ed. 2002)). Legislative facts are typically general facts that do not impact the parties in the case. *Id.* (relying on Goode, § 201.1). In most cases, "'the legislative element is either absent or unimportant or interstitial, because in most cases the applicable law and policy have been previously established.'" *Id.* (quoting Goode, § 201.1).

11

The Court of Criminal Appeals has defined adjudicative facts as

> facts that are specific to the particular case and are typically required to be established by evidence. . . . To be judicially noticed, adjudicative facts must be relevant to the ultimate matter in dispute, but not be the subject of any controversy themselves. Judicially noticed facts cannot be subject to reasonable dispute.

*Kubosh*, 241 S.W.3d at 64; *see also Watts*, 99 S.W.3d at 610; *Arriaga v. State*, No. 03-14-00549-CR, 2016 WL 806709, at *1 (Tex. App.—Austin Feb. 26, 2016, pet. ref'd) (mem. op., not designated for publication); *see also* Tex. R. Evid. 201(b).

Under Rule 201(f), when a court takes judicial notice of an adjudicative fact "[i]n a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive." Tex. R. Evid. 201(f); *Arriaga*, 2016 WL 806709, at *1.

## C. Analysis and Resolution

Flores-Garnica contends that Rule 201(f) applied to the judicially noticed statutes (even those noticed at his behest) because the statutes were used as adjudicative facts.[4] We disagree.

The judicially noticed statutes in this case are legislative facts that do not meet the essential characteristics of adjudicative facts. The statutes are not unique to this case, and they do not need to be proved by evidence. They were general laws in this state at the time of Flores-Garnica's arrest. Although they may have had some

---

[4]Flores-Garnica does not raise an issue challenging that the statutes were judicially noticed, nor does he complain on appeal that the trial court abused its discretion by admitting provisions of Section 663.037 in evidence or by excluding his chosen statutory selections from evidence.

tangential relevance in this case, given the defensive theory that "may" in the motor-vehicle definition equated to legal permission and the State's strategic choice to meet that theory head-on instead of ignoring it, the Transportation Code statutes were not necessary to the jury's determination that Flores-Garnica drove a motor vehicle as defined by the DWI statute in the Penal Code. *Cf. Carter*, 2003 WL 1544216, at *2 (stating in DWI case, "[T]hat the bulldozer might be classified as a "vehicle" under the transportation code[] does not establish it was not also a 'motor vehicle.'")

Further, we disagree with Flores-Garnica's contention that the trial court "failed to provide any 'depth perception' or guidance to the jury that the Jury Charge and it[]s legal definitions were supreme." The jury charge provides as follows:

> In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. *It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.*

> First, I will give you some general instructions which apply in every case. *Then I will give you some specific rules of law about this particular case*, and finally I will explain to you the procedures you should follow in your deliberations.

> You, as jurors, are the judges of the facts. But in determining what actually happened, that is, in reaching your decision as to the facts, *it is your sworn duty to follow all of the rules of law as I explain them to you.*

> You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. *It is your duty to apply the law as I explain it to you, regardless of the consequences.* It is also your duty to base

13

your verdict solely upon the evidence that has been presented to you in court.

. . . .

*Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.*

. . . .

Now, bearing in mind these instructions:

. . . .

A person commits an offense if the person is intoxicated while operating a *motor vehicle* in a public place.

*When words or terms are used in this Charge in a sense which varies from the meaning commonly understood, you will be given in this Charge a proper legal definition which you must accept in place of any other meaning or definition.*

. . . .

*"Motor vehicle" means a device in, on, or by which a person or property is or may be transported or drawn on a highway, except a device used exclusively on stationary rails or tracks.*

. . . .

You are the exclusive judges of the facts proved, of the credibility of the witnesses and of the weight to be given to their testimony, but *you are bound to receive the law from the Court, which is herein given, and be governed thereby.* [Emphasis added.]

The jury charge shows that the controlling law is that found in the jury charge.

While we agree with Flores-Garnica's contention that the "trial [c]ourt, in essence, gave it[]s decree to the jury that" the provisions of Section 663.037 recited in State's Exhibit 8 were true, nothing the trial court did connected that "true" law to this case.

14

Based on our reading of the trial court's recitation of the Transportation Code statutes, its announcement that it was taking judicial notice, and the wording of the jury charge, we reject Flores-Garnica's implication that the trial court said or did anything to apply those statutory provisions to this case or to suggest to the jury how and to what extent, if at all, it should apply those provisions to this case.

For all these reasons, we hold that the judicially noticed statutory provisions were not transformed into adjudicative facts. The trial court's mandatory duty to instruct the jury that it need not treat judicially noticed adjudicative facts as conclusive was therefore not triggered. Consequently, we hold that the trial court did not err by refusing to include a Rule 201(f) limiting instruction in the jury charge. We overrule Flores-Garnica's second issue.

### IV. Conclusion

Having overruled Flores-Garnica's two issues, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Publish

Delivered: May 13, 2021

15